ORRIN HALL *vs.* SAMUEL K. WILLIAMS & others.

Suffolk.　March 27. — May 9, 1876.　DEVENS & LORD, JJ., absent.

A testator, by his will, devised the residue of his estate to trustees, to pay the net income to his children or to the issue of such as shall decease. He then made the following provision : "And I further qualify the order to pay into the hands of my children or to the lawful issue respectively of such as shall have deceased or shall decease leaving such issue, as follows, viz.: If either of the recipients under the order, children, grandchildren or great grandchildren, should be wanting thrift and care, or a sound discretion in the use of money, or the guardian or guardians, or

other representatives of either of them, be in doubtful relations as to his, her or their judgment and discretion, as to the proper use of money, in each and every such case the trustee and trustees for the time being are hereby ordered and charged with paying and disbursing the same in such way and ways as shall be most likely to make the same enure and be beneficial to such recipient's wife, child or children, or otherwise beneficial to such recipient in the way of his or her education, or advancement, or support, exercising in all such case and cases the judgment that would be to be expected from a good father to each of such recipients respectively." *Held*, on a bill in equity brought by a creditor of a son of the testator against the son and the trustees under the will to apply the future income of the trust fund to the payment of the debt, that the son had no right in this income, which he could control, except under the discretion of the trustees, and that a creditor had no greater right, and could not attach or apply the future income of the trust fund to such payment.

BILL IN EQUITY, filed January 21, 1876, against Samuel K. Williams and the trustees under the will of Samuel K. Williams, deceased, to reach and apply the future income of a trust fund in their hands in payment of a debt due from the first named defendant to the plaintiff. The defendants demurred for want of equity; and the case was reserved by *Morton*, J., for the consideration of the full court. The material facts appear in the opinion.

*H. C. Hutchins*, for the defendants.

*W. S. Hall*, for the plaintiff.

MORTON, J. The will of Samuel K. Williams, after certain bequests, gives and devises all the residue of his property to trustees, who are to hold and manage it, and to pay the balance of the income, after certain annuities are paid, in equal parts to his seven children or to the issue of such as shall decease. It then makes the following provision: " And I further qualify the order to pay into the hands of my children or to the lawful issue respectively of such as shall have deceased or shall decease leaving such issue, as follows, viz.: If either of the recipients under the order, children, grandchildren or great grandchildren, shall be wanting in thrift and care, or a sound discretion in the use of money, or the guardian or guardians, or other representatives of either of them, be in doubtful relations as to his, her or their judgment and discretion, as to the proper use of money, in each and every such case the trustees and trustee for the time being are hereby ordered and charged with paying and disbursing the same in such way and ways as shall be most likely to make the

same enure and be beneficial to such recipient's husband, wife, child or children, or otherwise beneficial to such recipient in the way of his or her education, or advancement, or support, exercising in all such case and cases the judgment that would be to be expected from a good father to each of such recipients respectively."

In this provision, the intention of the testator is clear to prevent either of his children from having the absolute control of the share of the income designed for his benefit. He vests in the trustees a large discretion as to the time and manner of paying each share and as to the person to whom it shall be paid. If they think a son wanting in thrift or a sound discretion in the use of money, they may pay his share to, or for the benefit of, his wife or children, or in such way as they shall think is beneficial to the son in the way of his support. This discretion is destroyed, and the purpose of the testator defeated, if the son has the power of assigning or otherwise disposing of his share of the income in-advance of its payment to him.

This view renders easy the decision of this case. The plaintiff seeks to reach and apply, in payment of his debt, the future income which under the will may come to the principal defendant. As said defendant had no right in this income which he can control, except under the discretion of the trustees, his creditor can have no greater right. To require the trustees to pay the future income to this and to other creditors of said defendant, would convert a contingent into an absolute gift, and defeat the main purpose of the will.                    *Bill dismissed.*