WILLIAM SPARHAWK, administrator, *vs.* WILLIAM F. CLOON & another.

Essex.   November 10, 1876; February 2. — August 31, 1878.

A testatrix devised all her property to a trustee to hold in trust for the sole use and support of her husband; to sell or exchange the property and reinvest the proceeds with his consent; to obtain his written receipt or assent for every payment of money or exchange and sale and reinvestment of property; to convey any part or all of the estate to such persons or associations and at such times as he might in writing designate and propose; and empowering the trustee "to relieve himself from trouble and care" by appointing her husband his agent or attorney. *Held*, that the husband took an equitable fee, which he might alienate, and which equity would apply to the payment of his debts.

BILL IN EQUITY against William F. Cloon and Francis Parton, to reach and apply a trust fund in the hands of Cloon in payment of a debt due from Parton to the plaintiff.

The bill alleged that the will of Mary R. Parton, dated February 5, 1863, contained the following provisions :

" Item 1. I give, bequeath and devise all the property I may own at the time of my death, whether real, personal or mixed, and all contingent right vested in me to any property, or easement or interest, to and unto William F. Cloon, of Marblehead, Massachusetts, to be held by him in trust for the sole use and support of Francis Parton, my husband, of Lynn aforesaid, the said Francis hereunto giving his assent to this bequest. And I hereby require said Cloon, as trustee, to advise with my said husband, and to appoint, according with his advice, one or more, to succeed him as my and his trustee, successors to hold my said property, in trust as aforesaid, should he desire to decline said trust, or be in apprehension of his own death. And said trustee is further empowered to sell or exchange any of my aforesaid estate, and reinvest the proceeds thereof whenever he and my husband may deem profitable.. And said trustee is empowered to relieve himself from trouble and care by appointing my husband his agent or attorney. A receipt or a written assent, signed by my husband, shall free said trustee from legal liability for any money paid by him or for any act he may perform as my trustee. And such a receipt or written assent, signed by my husband, must be obtained in every such instance of payment, or exchange and sale, and reinvestment of property.

" Item 2. I hereby make it the duty of said trustee, and all he may appoint to succeed him, to convey by deed any part or all of my said estate to such associations, person or persons as my husband may designate and propose hereafter by certified written authority, leaving with my husband to fix the time of any such conveyance.

" Item 3. I hereby nominate and appoint Francis Parton, my husband, to be sole executor of this my last will and testament. And it is my desire and will, that he be not required to give a bond for the faithful performance of his duties as my executor."

The bill further alleged that the will was duly admitted to probate; that Cloon accepted the trust, and held under it certain land and personal property, from which he received the rents, profits and income; that on June 20, 1876, Francis Parton executed an assignment under seal, which, after reciting the provisions of the will in his favor, and that he had been arrested on an execution issued on a judgment obtained by the plaintiff for debt, and that the magistrate, to whom he applied to take the oath for the relief of poor debtors, was in doubt whether he could properly administer the oath without such an assignment, proceeded as follows: "I, the said Francis Parton, do hereby assign, set over and convey to the said William Sparhawk all the assignable powers, privileges and interests which I may or can assign, or which I am under obligation to assign, in order to enable me to take the oath for the relief of poor debtors, it being understood that if the said Sparhawk is entitled to recover any part of the principal or income of said trust property he shall not be entitled to recover under this assignment a sum beyond the principal, interest and costs of said judgment. The said Parton not hereby intending to waive any rights by making this assignment, but intending to simply empower the said Sparhawk to reach and obtain any rights as a creditor he may have against the interest of said Parton as the *cestui que trust* under said will."

The bill further alleged that the plaintiff subsequently demanded of Cloon payment and transfer of Parton's interest in the trust fund, but that Cloon refused to pay to him any part of the income or principal of such fund.

The prayer of the bill was that Cloon might be ordered to pay the debt due to the plaintiff, either out of the principal or out of the income of the trust fund.

The defendants demurred, on the grounds that by the will Parton had no interest in the trust property, which the plaintiff, as his creditor or under the assignment, could reach and have applied to his benefit; that under the assignment the plaintiff acquired no rights in the trust property greater than he would have had without it; and for want of equity.

The case was heard on bill and demurrer, before *Endicott*, J., who reserved it for the consideration of the full court.

The case was argued in November 1876, by *J. W. Perry & L. S. Tuckerman*, for the defendants, and *R. E. Harmon*, (*J. A. Gillis* with him,) for the plaintiff; and additional briefs were submitted in February 1878, by *Tuckerman*, for the defendants, and by *Gillis & Harmon*, for the plaintiff.

GRAY, C. J. At law, any property, real or personal, that a man owns, may be alienated by him, or may, unless specially exempted by statute, be taken for the payment of his debts; and no form of grant or devise can enable the grantee or devisee to hold the estate without its being subject to alienation, attachment and execution. Co. Lit. 223 *a. Blackstone Bank* v. *Davis*, 21 Pick. 42.

From the time of Lord Eldon, the same rule has prevailed in the English Court of Chancery to the extent of holding that where the income of a trust estate is given to any person (other than a married woman) for life, the equitable estate for life is alienable by, and liable in equity to the debts of, the *cestui que trust*, and that this quality is so inseparable from the estate, that no provision, however express, which does not operate as a cesser or limitation of the estate itself, can protect it from his debts. *Brandon* v. *Robinson*, 18 Ves. 429; *S. C.* 1 Rose, 197. *Rochford* v. *Hackman*, 9 Hare, 475. 2 Spence Eq. Jur. 89, and cases cited.

The English doctrine has been approved in many decisions and *dicta* in this country. *Tillinghast* v. *Bradford*, 5 R. I. 205. *Mebane* v. *Mebane*, 4 Ired. Eq. 131. *Heath* v. *Bishop*, 4 Rich. Eq. 46. *Smith* v. *Moore*, 37 Ala. 327. *McIlvaine* v. *Smith*, 42 Misso. 45. *Sanford* v. *Lackland*, 2 Dillon, 6. Walworth, C., in *Hallett* v. *Thompson*, 5 Paige, 583, 585. Comstock, J., in *Bramhall* v. *Ferris*, 14 N. Y. 41, 44. Swayne, J., in *Nichols* v. *Levy*, 5 Wall. 433, 441.

On the other hand, it has been maintained by judges whose opinions are entitled to the highest respect, that the founder of a trust may secure the enjoyment of it to other persons, the objects of his bounty, by providing that it shall not be alienable by them or be subject to be taken by their creditors; and that his intentions in this regard, when clearly expressed by him, must be carried out by the court. *Braman* v. *Stiles*, 2 Pick. 460, 464. *White* v. *White*, 30 Vt. 338, 344. *Arnwine* v. *Carroll*, 4 Halst. Ch. 620, 625. *Holdship* v. *Patterson*, 7 Watts, 547

*Brown* v. *Williamson*, 36 Penn. St. 338. *Rife* v. *Geyer*, 59 Penn. St. 393. *Nichols* v. *Eaton*, 91 U. S. 716, 727–729, and other cases there cited. *Hyde* v. *Woods*, 94 U. S. 523, 526.

Much of the argument in this case has been addressed to the question upon which the authorities are in conflict. But we are not required now to determine that question, because we find in this will no expression of intention that the trust estate shall not be alienated by the *cestui que trust* or not be liable to his debts.

The duties imposed on the trustee are to hold the estate in trust for the sole use and support of the husband of the testatrix, to sell or exchange the property and reinvest the proceeds with his consent, to obtain his written receipt or assent for every payment of money or exchange and sale and reinvestment of property, and to convey any part or all of the estate to such persons or associations and at such times as he may in writing designate and propose ; and the trustee is empowered " to relieve himself from trouble and care " by appointing the husband his agent or attorney.

No other person is named in the will as *cestui que trust,* either during the life of the husband or after his death ; no accumulation of income is provided for or contemplated ; nor is any disposition made of the remainder after his death in case of his not exercising the power conferred upon him ; and no restrictions whatever are imposed by the will, or committed to the discretion of the trustee, as to the amount of principal or income that the husband may receive, or the uses to which he may apply them.

The whole effect of the will is to vest the legal title and a simple trust in the trustee, and the right to receive the whole income, as well as the absolute *jus disponendi* of the principal, in the *cestui que trust.* The husband therefore took an equitable fee, which he might alienate, and which equity would apply to the payment of his debts. Lewin on Trusts, (3d ed.) 21, 585, 595. *Barford* v. *Street*, 16 Ves. 135. *Moore* v. *Cleghorn*, 10 Beav. 423, and 17 L. J. (N. S.) Ch. 400. *Earl* v. *Grim*, 1 Johns. Ch. 494. *Palmer* v. *Stevens*, 15 Gray, 343.

The decisions of this court, cited by the learned counsel for the defendants, are in no wise inconsistent with this conclusion.

In *Perkins* v. *Hays*, 3 Gray, 405, the question was whether the terms of the will by which the annuity was given allowed it to be alienated by anticipation. In *Hall* v. *Williams*, 120 Mass. 344, and in *Russell* v. *Grinnell*, 105 Mass. 425, the will manifested the intention of the testator that his trustees should have discretionary power either to apply or to withhold and accumulate the income. See also *Chambers* v. *Smith*, 3 App. Cas. 795.

*Demurrer overruled.*