WILLIAM MINOT & another, trustees, *vs.* BENJAMIN TAPPAN & others.

Suffolk. March 20. — Sept. 2, 1879. AMES & LORD, JJ., absent.

A testator, by his will, devised a portion of his estate to trustees, one of whom was his son, in trust to pay the net income, or so much thereof as the trustees should think proper, to another son, semiannually, during his life, for his use and benefit, or to expend the whole or any part thereof in the maintenance and education of his children and family, with remainder to the wife for life, and on his death and that of his wife to transfer the trust estate, or so much thereof as might then remain undisposed of, to their children ; or in default of such children to the testator's heirs at law ; and, by another clause, authorized the trustees, in their discretion, to pay only such part of the income as they should deem expedient for the son's use and benefit. The son, for whose benefit the trust was created, died without children, and unmarried. The trustees did not pay to him the whole of the income, but it accumulated in their hands. *Held,* that his administrator was not entitled to such income.

The U. S. St. of August 19, 1841, § 8, limiting the time of bringing suits by and against an assignee in bankruptcy to two years, does not apply to a bill in equity brought by trustees under a will to obtain the instructions of the court, in which an assignee in bankruptcy of one of the *cestui que trusts* is a party defendant.

BILL IN EQUITY by the trustees under the will of Thomas L. Winthrop, who died in 1841, to obtain the instructions of the court. After the decision reported 122 Mass. 535, the bill was amended; and the case was heard by *Morton,* J., and reserved for the determination of the full court. The facts appear in the opinion.

*W. Minot, Jr.,* for the administrator of George E. Winthrop, and for the widow and heirs of Grenville T. Winthrop.

*L. M. Sargent,* for the administrator of Grenville T. Winthrop.

*C. P. Greenough,* for the assignee in bankruptcy of Grenville T. Winthrop.

MORTON, J.   At the former hearing of this case it was decided that the interest of Grenville T. Winthrop in the trust fund which is the subject of the suit, vested in him at the death of the testator, and passed to his assignee in bankruptcy.   *Minot v. Tappan,* 122 Mass. 535.   Since that decision the assignee has been made a party to the suit.   It now appears that the interest of the said Grenville T. has never been assigned by the assignee, but remains vested in him for the benefit of the creditors of the bankrupt.   The report presents two questions for our consideration.

1.  During the life of George E. Winthrop the trustees paid to him or for his use only a part of the income of the trust fund devised to them for his benefit.   At his death, which took place in 1875, they had in their hands a considerable sum, being the accumulation of the income of said fund.

The administrator of George E. now contends that the whole of the income of the fund vested in George E. as it accrued, though the trustees had a discretion as to the time and manner of paying it, and therefore that he, the administrator, is now entitled to such accumulations.   On the other hand, the assignee of Grenville T. contends that George E. took under the will only a right or capacity to receive so much of the income as the trustees should think proper to pay to him or for his benefit, that the unexpended income is to be added to the principal of the trust fund, and passed with the principal to the assignee.

In order to discuss this question intelligently, it is necessary to quote more fully than was required in the former opinion the clause of the will under which it arises.

This clause devises and bequeaths one fourth part of the residue of the testator's estate to trustees, upon the trusts to hold, invest and manage the same, and, after deducting all necessary charges and expenses, " to pay all the residue of the rents, interests and income of said last devised trust property, or so much thereof as the said trustees shall think proper to my son, George E. Winthrop, semiannually in every year during his natural life, for his use and benefit; or to expend the whole or any part thereof in the maintenance and education of his children and family, or the issue of any of his children.   And if my said son George E. Winthrop shall decease leaving a wife, then in trust

in like manner after his decease, and during her life, to collect and receive the said rents, income, dividends and profits of the said last devised trust property ; and, after deducting therefrom the charges and expenses aforesaid, to pay the residue thereof to her semiannually in every year during her natural life, to and for her sole use and benefit, and for the maintenance and education of the children of said George E. Winthrop, upon her own separate receipt, without the interference of any husband, or being subject to his debts or control. And, at and upon her de·cease, or upon the decease of the said George E. Winthrop, if he shall be unmarried at the time of his decease, then in further trust to convey and transfer the trust property lastly above devised in trust, or so much thereof as may then remain undisposed of, to the child or children of said George E. Winthrop, if any then living, and to the issue then living of any deceased child or children of said George E. Winthrop, such issue to take by right of representation, share and share alike, to hold to them, their heirs and assigns forever. And in default of any such child, children or issue then living, then in trust to convey and transfer the same to my heirs at law, to hold the same to them their heirs and assigns forever."

A subsequent provision of the will has a direct bearing upon the interpretation of this clause, and is as follows : " And in regard to the interest and income of the several portions herein given in trust for the benefit of my said sons, John T. J. Bowdoin, George E. Winthrop and Grenville T. Winthrop, respectively, if my trustees shall at any time or times deem it inexpedient to pay to said John T. J. Bowdoin, or to said George E. Winthrop, or to said Grenville T. Winthrop, the interest and income which may then be coming to him, I authorize my trustees, in their discretion, to pay only such part thereof to such, my son, as the said trustees may deem expedient for his use and benefit, or to expend the whole or any part thereof in the maintenance and education of any child or children of such son, or the issue of any, or for the support and maintenance of his family."

If we give the language of these clauses its ordinary and obvious meaning, it seems clear that it was not the intention of the testator to vest in his son George E. the right to the whole of

the income of the trust fund set apart for the benefit of him and his family. The trustees have a large discretion. By express and explicit provisions they are authorized in their discretion to pay to George E. only such part of the income as they may deem expedient, or to expend such part as they deem proper for the support and education of his family.

The first clause does not import an absolute bequest of the whole of the income to George E. Winthrop. It gives to him " all the residue of the rents, interest and income of said last devised trust property, or so much thereof as the said trustees shall think proper."

By the obvious construction of this will, George E. took only the right to receive so much of the income as the trustees in their discretion should deem it expedient to pay to him. As a test, suppose a creditor of George E. had, during his life, brought a bill in equity to reach and apply in payment of his debt the accrued or future income of this fund. We think the answer would have been, that the payment to George E. was discretionary with the trustees, that he had no vested interest which he could alienate, and that to allow his creditor to attach and hold the income would defeat the intention of the testator. *Hall* v. *Williams*, 120 Mass. 344. Or suppose that George E. had, during his life, taken the benefit of the bankrupt or insolvent law, as indeed was the case with one of the sons, Grenville T., who had a like interest under the will, would the right to the income have passed to his assignee? If so, the provision of the will giving the trustees the discretion to pay to him only so much of the income as they thought proper, or to expend the whole or any part of it for the maintenance of his children, if he had had any, would be annulled, and the purpose of the testator in creating the trust defeated.

We are of opinion that, by the natural and fair construction of the clauses we are considering, George E. Winthrop took only a right or capacity to receive so much of the income as the trustees in the exercise of a reasonable discretion might deem it expedient to pay, and not a vested interest in the whole of the income. And we find nothing in the other provisions of the will which indicates that the testator had a different intention. The will is carefully drawn. In other parts of it, as in the four be-

quests for the benefit of his daughters and the children of a deceased daughter, where the testator wished to make an absolute gift of income, he used apt language to accomplish that purpose. It is argued that the absence of any express direction to add the accumulated income to the principal manifests an intention that the whole income should vest in the legatee. But this consideration is not of controlling force. The will provides that, upon the decease of George E. and his wife, the trustees shall convey and transfer the trust property, " or so much thereof as may then remain undisposed of," to their children, or, in default of such children, to the testator's heirs at law. This provision would include and dispose of both the principal trust fund and its accretions or accumulations, and therefore an express direction as to the accumulated income was not necessary.

It is also argued against the construction we adopt, that, as the testator appoints one of his sons, Robert C. Winthrop, to be one of the trustees, it is improbable that he intended to give to him the power of withholding payment of the income and increasing the capital, inasmuch as he would be entitled to a share of the principal thus increased if his brothers should die without issue. The argument would be forcible in a case where this delicate power is not given in clear terms. But, throughout the will, the testator shows that he had the fullest confidence in the integrity and discretion of his son Robert C.; and the alleged improbability is not so great as to lead us to infer that the intention which the testator has clearly expressed was not his real intention.

The counsel for the administrator of George E. Winthrop relies strongly upon the case of *Williams* v. *Bradley*, 3 Allen, 270. In some respects, that case has a striking resemblance to the case at bar, but, upon examination, it will be seen that there are important and vital differences in the two cases. The will, which was the subject of construction in that case, first made an absolute gift of the income to the legatees in such clear and unequivocal terms that without doubt the income would vest in them by virtue of it, in this respect differing from the case at bar, where the gift is of all the income, " or so much thereof as the said trustees shall think proper." In that case, in determining the question whether the subsequent qualifying provision

should be construed to cut down the previous clear and absolute gift, the court laid great stress upon the consideration that upon the whole will the clear intention of the testator was shown to be " that all his children should share equally in his estate, and that his grandchildren should take the same interest therein as their mother would have received if she had been living at his decease." The will contained a clear and emphatic expression of his wish " to do equal and exact justice to all my children." The court considered that the paramount purpose of the will, to which others were subordinate, was to produce an equality of division of the estate among the children of the testator, and therefore construed the subsequent qualifying clause, against its ordinary and obvious meaning if it had stood alone, so as not to defeat this paramount purpose. But, in the case at bar, the will contains no expressions of a wish that the estate should be equally divided among the children ; on the contrary, unequal provisions are made for the different children. We think the case is clearly distinguishable from *Williams* v. *Bradley*, and that, having regard to all the provisions of the will, it would defeat the clear intentions of the testator if we were to hold that the income vested in George E. Winthrop as it accrued.

We are therefore of opinion that the accumulated income followed the direction of the principal under the will, that the principal and its accretions vested in right in the testator's heirs at law in the contingency which has happened, and that the share of Grenville T. Winthrop passed to his assignee in bankruptcy.

2. The other question presented by the report is whether the claim of the assignee is barred by any statute of limitations, or is in any way precluded by lapse of time.

It is not claimed that the assignee is precluded by his laches from maintaining his right to the fund, but the administrator of Grenville T. Winthrop contends that the right of the assignee is barred by the eighth section of the bankrupt act of 1841, which provides that " no suit at law or in equity shall in any case be maintainable by or against such assignee, or by or against any person claiming an adverse interest touching the property and rights of property aforesaid, in any court whatsoever unless the same shall be brought within two years after the declaration

and decree of bankruptcy, or after the cause of suit shall first have accrued." U. S. St. August 19, 1841, § 8.

We are of opinion that this provision has no application to the case at bar. This is not a suit by or against the assignee, such as is contemplated by this statute. This is a bill brought by trustees to obtain the instructions of the court as to the parties to whom the fund in their hands belongs. They are mere stakeholders, and do not claim any adverse interest against the assignee, and do not set up this statute of limitation.

The statute does not divest the assignee of his title to any property, nor affect his right to demand and receive that which passed to him by virtue of the assignment. *Nash* v. *Nash*, 12 Allen, 345. *Clark* v. *Clark*, 17 How. 315. *Banks* v. *Ogden*, 2 Wall. 57. *Morgan* v. *Thornhill*, 11 Wall. 65. *Smith* v. *Mason*, 14 Wall. 419.

Upon the whole case, therefore, we are of opinion that the portion of the principal fund and of the accumulated income, which vested in right in Grenville T. Winthrop at the death of the testator, passed to his assignee, and that he is entitled to receive the same for the benefit of the creditors in bankruptcy.

*Decree accordingly.*