## SUPREME COURT.

N. Dane Ellingwood agt. Charlotte Beare, executrix, &c., and others.

*Will — construction of — When accumulated income arising under a trust goes to those entitled to the principal sum from which the income was derived.*

Where the testator, by his will, gave his son T. H. S. $10,000, in trust, and directed him to put the same at interest on good security, and with the interest thereof, or so much as might be necessary for that purpose, to support and maintain the testator's daughter, A. S., in a decent and comfortable manner, or at his discretion to give and pay to her annually the whole of the interest thereof ; and, at her decease, the testator gave the said $10,000 to all the children of A. S., then living, equally, but if she should die without lawful issue then living, the will gave the same, equally, to his son, daughter and grandson, naming them, and to their legal representatives, respectively. A. S. was a lunatic and so remained until her death. She died without issue. The income of the $10,000 was more than sufficient to pay for her proper support, and several thousand dollars of unexpended income had accumulated at the time of her death in the hands of the trustee :

*Held,* that accumulated income, arising under the facts above indicated, should go to those entitled to the principal sum from which the income was derived ; that as to this fund of $10,000, which had been carved out of his estate by the testator and distinctly set apart to be invested, and which after the death of his daughter was to be paid to the persons

named by him, the same should carry with it to the legatees the interest or income which it had earned, and which was not expended for his daughter's maintenance.

*Special Term, June,* 1880.

*N. Dane Ellingwood,* plaintiff, in person.

*Evarts, Southmayd & Choate,* for defendants.

VAN VORST, *J.* — The testator, by his last will and testament, gave his son, Thomas H. Smith, Jr., ten thousand dollars in trust, and directed him to put the same at interest on good security, or to invest the same in bank stock, at his discretion, and with the interest thereof, or so much thereof as might be necessary for that purpose, to support and maintain the testator's daughter, Ann Smith, in a decent and comfortable manner, or at his discretion to give and pay to her annually the whole of the interest thereof ; and at her decease, the testator gave the said ten thousand dollars to all the children of Ann Smith then living, equally ; but if she should die without lawful issue then living, then and in such case the will gave the same equally to his son Thomas H. Smith, his daughter Eliza Hall and his grandson Nathan Dane Ellingwood, and to their legal representatives respectively.

Ann Smith was a lunatic, and so remained until her death in 1871. She died without issue. The income of the ten thousand dollars was more than sufficient to pay for her proper support, and several thousand dollars of unexpended income had accumulated at the time of her death in the hands of the trustee, and the question which is submitted for decision is, to whom does this surplus belong ?

The arguments submitted by the counsel for the various claimants have been carefully considered, and the following is the result reached :

That accumulated income, arising under the facts above indicated, should go to those entitled to the principal sum from which the income was derived.

In *Hanson* agt. *Graham* (6 *Vesey,* 239) it was said that in

cases where the whole interest or income is not given, but a provision for maintenance and support thereout only is made, "that nothing more than a maintenance can be called for; what can be shown to be necessary for maintenance, however large that interest may be; and therefore what is not taken out of the fund for maintenance must follow the fate of the principal, whatever that may be."

In *Craig* agt. *Craig* (3 *Barb. Ch'y*, 76, 93) a provision had been made by the testator for the maintenance of a lunatic son, in terms very similar to those in the will under consideration. The chancellor held that "if there is a permanent surplus, or if any surplus is likely to remain permanently on hand because it is not wanted for the support of the lunatic, it must be distributed among those who were presumptively entitled to the capital of the fund out of which such surplus income arose when the same accrued," and see *The Atty. Gen. ex. rel. Marselos* agt. *The Minister and Elders of the Dutch Reformed Church* (36 *N. Y.*, 452), in which last cited case it was held that the surplus income follows the "legal title" (*Elborne* agt. *Good*, 14 *Sim.*, 175; *In re Sanderson's Trust*, 3 *Kay and Johnson*, 407).

The general conclusion above reached disposes of all claims adverse to those to whom is given the capital of the fund under the terms of the will. But in detail it may be said, with respect to the right to those accumulations interposed by the next of kin of Ann Smith, that she had no absolute right to the whole income. Had that been the case, as was said by the chancellor in *Craig* agt. *Craig* (*supra*), the surplus of any year should have been invested for her benefit, and upon her death the claims of her next of kin would be regarded. But, as has been seen, the testator did not give the whole income to his daughter, or direct it all to be applied for her support, whatever it might be. What he meant was, that his daughter should be maintained out of this income, and what was needed for such purpose was given, but the amount

thereof so to be applied was to be determined by the judgment, and was left to the discretion of the trustee.

To the residue of the income, over and above what was necessary for her support, so to be determined, the *cestui que trust* could have no legal or equitable claim, nor can any be interposed through her. This distinction was clearly drawn by the chancellor in *Bryan* agt. *Knickerbocker* (1 *Barb. Chy.*, 409). In the course of his opinion (p. 430) the chancellor criticises *Snowden* agt. *Daly* (6 *Sim. Rep.*, 524), where a contrary view appears to have been taken. In *Bronson* agt. *Bronson* (48 *How. Prac. R.*, 481), cited by the defendant's counsel, the whole income was to be paid to the *cestui que trust* absolutely. And in other cases cited to support the claim of the next of kin of Ann Smith, that feature appears always more or less clearly.

I had some doubt as to the claim interposed by those interested in the residue, upon the ground that what was not otherwise disposed of by the testator fell into the residue. And there are expressions in some cases which favor such direction to their accumulations.

But I cannot resist the conclusion that as to this fund of ten thousand dollars, which had been carved out of his estate by the testator and distinctly set apart to be invested, and which after the death of his daughter was to be paid to the persons named by him, the same should carry with it to the legatees the interest or income which it had earned, and which was not expended for his daughter's maintenance.

It appears to me that this specific fund should carry its accretions in this manner acquired. I think the testator so intended, although there was no express direction for any accumulation for that purpose. *Nicholls* agt. *Osborn* (2 *Peere Williams*, 419) favors such construction (*See, also, Minot* agt. *Tappan*, 127 *Mass.*, 333). In *Phelps* agt. *Pond* (23 *N. Y.*, 83), SELDON, J., in commenting upon section 40, 1 Revised Statutes, 726, which treats of the disposition of rents and profits where no valid direction for an accumulation was given,

and which the statute declares shall belong to the persons presumptively entitled to the next eventual estate, says : " The statute is founded upon the presumption that the donor of property may naturally be supposed to intend that the income should go to the same person to whom he had given that out of which the income arises." Although it does not seem to me, for the reasons above given, that the next of kin of Ann Smith have any claim to these accumulations, yet, in order to a complete determination, it may be well to bring in as a party, before judgment, the legal administrator of her estate. But if the parties desire to be further heard upon that subject an opportunity will be afforded.