### WELLINGTON & a. v. JANVRIN & a.

A conveyance to the children of A, upon the condition that A shall take the custody of the property and manage it for his own benefit as long as he lives, with the power of relinquishing his interest at any time to his children, if accepted by A gives him a life estate which may be taken on execution by his creditors.

The donor of a life estate in land cannot exempt the same from attachment on the debts of the donee by inserting in the deed creating it a provision that it shall not be liable for such debts.

BILL IN EQUITY. Facts found by a referee. George Janvrin, by deed dated December 3, 1875, and recorded January 26, 1877, conveyed the premises in question to his son, Albert, and to the two children of Albert, George and Charles. The deed conveys to "the said George Janvrin and Charles W. Janvrin a certain parcel of land * * * in Exeter * * * upon the terms and conditions that Albert Janvrin, the father of said George and Charles W. Janvrin, is to take the possession, care, and custody of the said premises for and during the term of his natural life; to let or lease the same, collect all rents and incomes to be derived therefrom, and to pay all taxes, insurance, repairs, and incidental ex-

penses that may accrue on said premises, and the balance appropriate to his own use if he chooses so to do, or to such uses and purposes in the exercise of his judgment as he may see fit, but said income not in any ways liable for his debts or liabilities, or be accountable to any person therefor; and at any time he may desire or deem expedient, relinquish the possession of the said premises to the said George Janvrin and Charles W. Janvrin, if both living, or to the survivor." September 25, 1878, Albert executed an instrument by which he "relinquishes unto said George and Charles, my children, the possession of the property named in said deed, and of all rents, profits, issues, and income thereof now due and not collected or satisfied, and all my claims upon the tenants thereof; I desiring and deeming it expedient, and for the interest of said children, that I should do so, to carry out fully the true intent and meaning of said deed." This deed was recorded March 25, 1879. The referee found that Albert took a life estate in the premises. The plaintiffs claim title to the premises, or to five eighths of them, by virtue of an attachment made August 27, 1878, and by the levy of an execution. The execution was levied on five eighths of the debtor's interest, because "the property could not be divided and set out by metes and bounds without greatly impairing the value of the whole, and that the levy was made by such mode of division as the nature of the property would admit." The deed of Albert to his children was fraudulent and void as to the plaintiffs.

The defendants contend that Albert had no attachable interest in this real estate; that he had such an interest as gave him the right to surrender it to his children, without regard to his creditors; that his interest was a chattel interest, and could not be levied upon as real estate; and that a court of equity has no jurisdiction of this case.

*Marston & Eastman* and *Shapley*, for the defendants.

The plaintiffs' bill is in ejectment. Sto. Eq. Pl., s. 473; 2 Mad. Ch. Pr. 170. The proper redress is at law. Sto. Eq. Pl., s. 476; 2 Com. Dig., Ch. C. 1, p. 211; *Morgan* v. *Palmer*, 48 N. H. 336.

The condition in the deed of George Janvrin to Albert's children is void, it being repugnant to the grant and subsequent to it. *Leicester* v. *Biggs*, 2 Taunt. 109. Albert is not named in the deed as a grantee, and by its terms the whole estate passed to his children. Where the whole is conveyed at once there cannot possibly exist a remainder. 4 Com. Dig., Estate A. 4, p. 4. Conditions subsequent are not favored in law. 2 Kent Com. 129; 1 Shep. Touch. 89, 129; *Hoyt* v. *Kimball*, 49 N. H. 322; *Page* v. *Palmer*, 48 N. H. 385; *Emerson* v. *Simpson*, 43 N. H. 475; *Rollins* v. *Riley*, 44 N. H. 9; *Hatch* v. *Partridge*, 35 N. H. 158.

Any interest that Albert is supposed to have in the premises can

be but a chattel interest, and confined to the balance, not to the premises. 2 Blk. Com. 156; *Richards* v. *Railroad*, 44 N. H. 139; *Wilson* v. *Towle*, 36 N. H. 129; *Clement* v. *Clement*, 19 N. H. 463.

The supposed levy should be held void. There was no set-off by metes and bounds. G. L., c. 237, s. 6. If the debtor is seized of a rent, the levy must be made thereon. *McConihe* v. *Sawyer*, 12 N. H. 397; *Thomas* v. *Platts*, 43 N. H. 629.

*Wiggin & Fernald*, for the plaintiffs.

I. Courts of equity have always had concurrent jurisdiction with courts of law in cases of fraud, with a few exceptions not material in this case. They have always had jurisdiction, and afforded a remedy in cases of fraudulent conveyances made to defraud or hinder creditors, and it is no objection to the jurisdiction in such cases that the creditor may have some remedy at law. 1 Sto. Eq. Pl., ss. 184, 440; 1 Dan. Ch. 576 (3d Am. ed.); *Dodge* v. *Griswold*, 8 N. H., 425; *Marston* v. *Brackett*, 9 N. H. 336; *Tappan* v. *Evans*, 11 N. H. 311; *Carter* v. *Grimshaw*, 49 N. H. 100; *Free* v. *Buckingham*, 57 N. H. 95; *Brooks* v. *Howland*, 58 N. H. 98. The bill charges a conveyance made by Albert Janvrin in fraud of the plaintiffs, who were his creditors, and the referee finds that the conveyance was fraudulent in fact and in law. An action at law against either the tenants or the guardian would not have determined the matter in controversy fully or finally, or afforded any full or adequate remedy.

II. Albert Janvrin had, under the provisions of the deed from George Janvrin to him and his minor sons, a life estate in the premises levied upon. It gave him the possession and the income to his own use during life. The conveyance is to his minor children, George and Charles W. Janvrin, upon the terms and conditions stated in the case. The absolute control and the beneficial use of the premises are vested in him during life. He is charged with no expenses which a tenant for life would not be bound to pay if they had not been specified in the conveyance. He had a life estate. *McClure* v. *Melendy*, 44 N. H. 469. The provision in the deed that the income should not be liable for his debts is null and void. It was so held by the court in *Currier* v. *Janvrin*, 58 N. H. 374, in which it was decided that this deed gave Albert Janvrin the income of the premises; that the rents due from the tenants were holden upon trustee process for the debts of Albert Janvrin; and that the provision that they were not liable for his debts was null and void. *Blackstone Bank* v. *Davis*, 21 Pick. 42.

The provision, that Albert Janvrin might relinquish the possession to his children at any time he may desire or deem expedient, could not empower him to relinquish it to defeat an attachment previously made of his interest. This right of the debtor, as well as any other title in or right to the property, is holden by the

attachment.   Nor would it give him the right to release to defraud his creditors and prevent them from attaching and levying.   This provision in the deed does not in any way affect Albert Janvrin's legal rights in the premises.   He had the same right as owner of the life estate without this provision.   It was a right he was to exercise according to his own pleasure.   It is not the case of a conveyance with a provision that the title of the grantee should cease and determine upon his bankruptcy.   It is to cease, if at all, upon his own voluntary surrender.   The power to dispose of the property subjects it to his debts.   *Johnson* v. *Cushing*, 15 N. H. 298; *Upham* v. *Varney*, 15 N. H. 462; 1 Perry on Trusts, *ss.* 386, 388; *Coolidge* v. *Melvin*, 42 N. H. 516.   The referee finds that the release was fraudulent as to the plaintiffs.   If it should be held to be effective to defeat the attachment and avoid the levy, a way has been discovered by which a person can have all the rights of an owner of property without the liability of having it taken from him by his creditors.

III.   The levy was in due form of law.   The debtor was not seized of a rent or the income merely.   He was tenant for life, entitled to the possession and the beneficial use of the property during life, in any way he might choose to enjoy it, either by letting it or by occupying it himself.   The statute relating to the mode of levy where the debtor is seized of a rent or the income, from its terms and provisions clearly relates to cases where the debtor has no right to the possession or control of the property out of which the rent or income arises, but only the right to draw the rent or income from some person who by lease or by some arrangement is entitled to the possession, control, and management of the property which is the source of the rent or income.   In such cases the creditor, by a levy, cannot take possession and control of the property, because the debtor had no such right; but in this case the debtor having the right, the plaintiffs could take it.   In fact, they could make their levy effectual in no other way, as there were no tenants bound to hold the property and pay rent, except as tenants at will merely, and no person aside from the debtor to control and manage the property and get an income from it.   It was optional, perhaps, treating it as a life estate, to set off the whole or a part for life, or to set off the whole for a term of years.   Sufficient reasons can be suggested why the set-off was made as it was.   It was uncertain, under the circumstances, when the plaintiffs could establish their title and get actual possession.   There were no permanent tenants, and it would be uncertain whether for any particular term any rent would be realized.   The death of Albert Janvrin at any time, while it would legally discharge the debt, would put an end to the income to be received by the plaintiffs.   There would seem to be no sound reason why, in making a levy to collect a debt which the debtor can redeem by paying the debt, the creditor should assume all the risk growing out of the uncertainty of

the debtor's life. The creditor can realize the debt in a reasonable time only by making a sale of his interest in the premises obtained by the levy, and it would not be marketable unless there were some chances in his favor. In the absence of fraud on the part of the appraisers, which is not suggested, their decision would be final, that being the principal question which they were chosen to determine. Their experience probably suggested to them what has happened since the hearing, that the tenant might quit the premises and leave them vacant. The defendant also claims that the set-off should have been by metes and bounds. The return shows that the appraisers determined " that the property could not be divided and set out by metes and bounds without greatly impairing the value of the whole, and that the levy was made by such mode of division as the nature of the property would admit." The statute makes their judgment final upon this question. G. L., c. 237, s. 8.

FOSTER, J. This is a proceeding in equity by creditors to annul a conveyance or release by their debtor of his title to real estate upon which they have levied. The referee finds that the conveyance by Albert Janvrin to his children was fraudulent as to the plaintiffs. The fraudulent conveyance may, therefore, be set aside on a bill in equity seeking that relief. 1 Sto. Eq., ss. 184, 440; *Dodge* v. *Griswold*, 8 N. H. 425; *Marston* v. *Brackett*, 9 N. H. 336, 352; *Carter* v. *Grimshaw*, 49 N. H. 100; *Free* v. *Buckingham*, 57 N. H. 95.

Although the deed of December 3, 1875, purported to convey the premises to Albert's children, it was, upon certain "conditions," and those conditions in effect amounted to a conveyance of a life estate to Albert. *McClure* v. *Melendy*, 44 N. H. 469. Whether his enjoyment or use of the life estate was limited by the terms of the deed, is a question which it is unnecessary to consider. Having accepted this estate, he became the owner of it, as he would become the owner of any other estate which he had accepted under a valid grant. And his fraudulent conveyance of his life estate, like his fraudulent conveyance of any other property, may be set aside.

Nor was the grantor's attempt to exempt this estate from attachment and levy for Albert's debts effectual. What property is subject to attachment and what is exempt is a matter regulated by statute. G. L., cc. 224, 236, 237. The legislature has enacted that " all real estate except the homestead right may be taken on execution." And another exemption of " real and personal property exempted by a donor from levy for payment of the donee's debts " cannot be inserted by construction. The stipulation in the deed, that the property conveyed to Albert should not be liable for his debts, was an attempt to exercise the legislative power of enlarging the statute of exemptions. His interest in the property

being a life estate became subject to the legal incidents of a life estate, one of which is that it may be taken on execution. *Johnson* v. *Cushing*, 15 N. H. 298; *Upham* v. *Varney*, 15 N. H. 462; *Clapp* v. *Ingraham*, 126 Mass. 200; *Sparhawk* v. *Cloon*, 125 Mass. 263; *Brandon* v. *Robinson*, 18 Ves., Jr., 429. The levy having been made "by such mode of division as the nature of the property would admit" (G. L., c. 137, s. 8),

*The plaintiffs are entitled to a decree.*

CLARK, J., did not sit: the others concurred.