Minshall, J.
The suit below was an action commenced by A. Stanley against Emma C. Thornton and Charles C. Murdock, her trustee, under the will of Stephen Clark, deceased, to subject money in his hands to the payment of a judgment he had recovered against her, and on which execution had been issued and returned unsatisfied for the want of property whereon to levy. The case was appealed to the circuit court, where judgment was rendered in favor, of the plaintiff. The only question in the case is, whether the provision made for Emma C. Thornton in the will of Stephen Clark is subject to the claims of creditors — she being the person therein named as “Emma, the natural child of Mary Maiden.”
•The provision of the will is as follows :
“I, Stephen Clark, do hereby dispose of all my property, real and personal, by this, my will — to the Hon. C. C. Murdock, in trust, and as executor herein for Emma, the natural child of Mary Maiden or Mary Craid, now residing in Covington, Kentucky. The said trustee and executor to have the rents, issues and interests after deducting his compensation, taxes and charges.of every descrip- ' tion, to the said Emma, for her education and support during the life of the said Emma only, and if the clear income should not amount to three hundred dollars per year for the said Emma, enough of the principal' to be appropriated to make up three hundred dollars for her per year, and if the said Emma should die leaving lineal descendants of her blood, near or remote, natural or legitimate. Then said property to be delivered to said descendants in the order of the statute of descents and in fee. ”
*208 It will be observed that the testator gives all his property to his trustee, upon the express trust, however, that the net income shall go to the child, Emma, during her life, for her support and education. The purpose named, however, is not a limitation upon the gift itself. It only expresses the motive of the gift. No discretion is given the trustee as to the amount he may so apply. It is all the income, after deducting the expenses and a reasonable compensation to himself. Whilst, under the rule that is admitted to prevail in England, such a bequest might be aliened, and would, without doubt, be subject to the claims of creditors, it is claimed that under the rule that prevails in Massachusetts and many of the other states, such is not the case. This rule permits a testator, through the agency of a. trustee, to make a bequest in such wise as to preclude the claims of creditors against the beneficiary, where the purpose is clear]y expressed, on the ground that a testator has the right to dispose of his property as he sees fit; and may, therefore, so limit a bequest as to protect it from the claims of creditors against an improvident beneficiary. Whether this is so in Ohio, need not be determined, for, as shown, it is clear that the provision in the will of Stephen Clark in favor of the natural child of Mary Maiden manifests no such intention.
It is said, by Morton, C. J., in Sears v. Choate, 146 Mass., 395 ‘This court has held that the founder of a trust may give an equitable life tenant a qualified estate in income which he cannot alienate and which his creditors cannot reach.” Broadway National Bank v. Adams, 133 Mass., 170. But in order to give such a qualified estate, instead of an absolute one, the language of the founder *209 must be clear and unequivocal to that effect. And observing that, in the will then in question, “there is no limitation over of the estate in any contingency to any other person; there is no discretion given to the trustees, and there is no provision that the income of the estate shall not be alienable by the plaintiff or attachable by his creditors,” said, “it cannot be doubted that under this will plaintiff took an equitable estate which he might alienate, and which equity would apply to the payment of his debts.” Citing Sparhawk v. Gloom, 125 Mass., 263.
The claim that the bequest in this ease is a limited one, is founded solely on the fact that it was given for the education and support of the beneficiary. But, in Slattery v. Wasson, 151 Mass., 268, it is said by Allen, J.: “When the whole income or a definite sum is given to the beneficiary for his support, the whole belongs to him, and is to be applied by him at his discretion, and the expression of the purpose for which it is given is not deemed to be the expression of an intention that the right to secure it shall not be inalienable; but when the right is for a support out of a fund which is given to another, the right is in its nature inalienable, and the intention of the donor that it shall not be aliénated is presumed.” Taking this to be a fair expression of the rule and its limitations in Massachusetts, where it has apparently received its widest application, the bequest in question must be-regarded as an absolute one. As before observed, the net income is all given to the beneficiary for her education and support, not such sum as may be allowed by the trustee or by him thought necessary; nor is it a support out 'of a particular fund given to another, for here, to her, is given *210 the whole fund, the net income from the testator’s estate. For a statement of the doctrine of the English Chancery, and adopted in many states of the Union, see Perry on Trusts, section 386, and notes; and for the qualified doctrine of some of the states, section 386« and notes of the same work.
We therefore think it is subject to the claim of creditors, and

The judgment is-affirmed.