Hillsborough, }
Jan. 2, 1917. }

GEORGE W. CLYDE, *Trustee*, *v.* HARRY F. LAKE, *Adm'r*, & *a.*

In the absence of evidence tending to show a purpose of intestacy, the presumption is that a testator intended all his estate to pass by his will.

BILL IN EQUITY, by the plaintiff as a trustee under the will of Annie M. Freeman against Lake as the administrator *de bonis non* of Mrs. Freeman's estate and against Doherty as the administrator of Andrew N. Freeman's estate, Andrew being the son of Mrs. Freeman. The question presented arises under the fourth clause of the will which is as follows: "Fourth. All the rest and remainder

of my estate, whether real or personal, that I may be possessed of at my decease, I give, bequeath and devise to George W. Clyde, of said Hudson, in trust, for the following purposes. So much of the interest or income, or if necessary, a part of the principal, to be used by said trustee for the support of my said son, Andrew N. Freeman. Meaning that said trustee shall invest such funds as may come into his hands as a part of my estate, and at his discretion may use the same for the comfortable support of my said son, Andrew, for board, clothing, medical attendance or medicine, or any other thing that may be necessary or proper for his welfare or comfortable support. But said trustee shall not pay to said Andrew any of the money of my estate or shall furnish him any intoxicants except for medicinal purposes, when ordered by a respectable physician."

Mrs. Freeman died April 21, 1904, and Andrew, October 31, 1915. The administrator of her estate, upon the settlement of his account, turned over to the trustee the balance in his hands, which the trustee used for the support of Andrew until his death. Upon the settlement of the trust it appeared that the unexpended balance amounted to $3,441.65. This sum is now claimed by each of the defendants. Transferred without a ruling from the May term, 1916, of the superior court, by *Branch*, J.

*George W. Clyde*, pro se.

*Foster & Lake*, for Lake.

*J. Joseph Doherty* (by brief and orally), *pro se*.

WALKER, J. By the residuary clause of the will it is apparent the testatrix intended to provide for the reasonable support of her son. This was her controlling purpose in creating a trust fund and authorizing the trustee to use the same for the comfortable support of her son. She omitted to use language indicative of a purpose to specifically limit his interest in the trust to such part as the trustee might in his discretion appropriate to his support and to dispose of the unexpended balance remaining upon the son's death to other beneficiaries. It is not probable that she intended to leave what was not required for his support undisposed of by her will, or to die intestate in regard to it. She understood that she was disposing of "all the rest and remainder of my estate," and not that she was leaving a considerable portion of it undisposed of. In the absence

of any clear evidence tending to show a purpose of intestacy the presumption is that she intended that all of her estate should pass by her will.   *Kennard* v. *Kennard,* 63 N. H. 303, 311.   It follows that that portion of her estate covered by the residuary clause vested upon her decease in her son, whom she desired to provide for, subject to its discretionary control by the trustee during the son's life, and after his decease the remainder became a part of his estate.   The mere fact that a trustee was appointed to manage the estate for the son's benefit did not deprive him of his interest in it or terminate the same upon his death, for the reason that the testatrix has left no sufficient evidence of such a purpose.   The result is the same as it would be if she had given the property directly to her son, subject to the condition that during his life-time it should be managed for his benefit by a trustee or a testamentary guardian appointed in the will.   The fact that the legal title is held by the trustee is not of controling importance upon the question of the intention of the testatrix.

In *Sawyer* v. *Banfield,* 55 N. H. 149, a testator gave to a trustee a sum of money in trust for the testator's wife "to keep, use, and dispose of for the benefit of my said wife according to the best of his discretion as her trustee," and it was held that the gift was an absolute one to her, *Smith,* J. remarking: "It is not a devise of the income or of some definite part for her benefit with remainder over to some third person; but the trustee can dispose of the whole principal sum, if that be necessary, for her benefit, during her life. Whatever sum may be left at her decease goes to her heirs, and not to the residuary legatee named in the will."   See also *Rollins* v. *Merrill,* 70 N. H. 436; *McAllister* v. *Hayes,* 76 N. H. 108, 113; *Sparhawk* v. *Cloon,* 125 Mass. 263.   Cases like *Wentworth* v. *Fernald,* 92 Me. 282, and *Minot* v. *Tappan,* 127 Mass. 333, relied upon by the administrator of Mrs. Fernald's estate, are clearly distinguishable from the case at bar.   In those cases there was a disposition of the remainder of the estate after the death of the *cestui que trust.*

The trustee is advised that the balance of the trust fund in his hands is payable to the administrator of the estate of Andrew N. Freeman.

*Case discharged.*

All concurred.