Rockingham,
Dec. 6, 1938.

CHARLES P. HEFFENGER, *Adm'r*

*v.*

CHARLES P. HEFFENGER. & a, *Ex'rs.*

*Edgar A. Blanchard* (by brief and orally), for the plaintiff.

*Charles P. Heffenger, pro se.*

Woodbury, J. The testatrix could have disposed by will of the interest which she had in the estate of her grandmother, (*Flanders* v. *Parker*, 80 N. H. 566, 568, 569, and cases cited), but in our opinion she failed to do so. We base this conclusion upon a consideration of the will and the competent evidence of the circumstances under which it was drawn. It appears in the agreed statement of facts that the testatrix knew of the existence of the remainder interest created by the will of her grandmother and it also there appears that she knew of her participation in that interest. Yet, with these facts in mind, she failed to make any mention of that interest in her will and failed to insert therein any clause disposing of the residue of her estate. These considerations, viewed in the light of the detailed provisions which she saw fit to make with reference to the disposition in her will of the other classes of property which she owned, point to the conclusion that the testatrix failed to mention her interest in remainder or other residuary estate either through inadvertence or because as to it she intended to die intestate.

The presumption against partial intestacy (*Clyde* v. *Lake*, 78 N. H. 322), upon which the brother and sisters of the testatrix rely, does

not militate against the conclusion reached above. This presumption, like those considered in *Lisbon* v. *Lyman*, 49 N. H. 553, *et seq.*; *Wright* v. *Railroad*, 74 N. H. 128, 136; *State* v. *Kilcoyne*, 82 N. H. 432, is not evidence nor has it any evidentiary value. It is a rule of law based upon "a conception of the conduct of men in general," (*Wright* v. *Railroad*, *supra*), whose sole function is to take the place of evidence. When there is either evidence, or an inference from evidence, bearing upon the issue of a testator's intention to include or exclude a particular item of property from the terms of his will the presumption against partial intestacy disappears. In the case at bar, as appears above, there is evidence as to the testatrix's intention and it follows that this evidence is all that may be considered in deciding the issue of her testacy as to the remainder interest and any other residuary estate of which she died possessed.

The brother and sisters of the testatrix contend that the word "rest," which appears in the sentence quoted from the will in the statement of facts above, was intended by the testatrix to refer to the rest or residue of her estate. This contention has little merit. It seems to us clear from the context in which that word appears as well as from the wording of the will as a whole that by it the testatrix must have intended to refer to the rest of the books in her library. The construction of the word contended for is so improbable that it has little if any persuasive force.

The other agreed facts relating to the insignificance of the value of the testatrix's library and the lack of means of her brother and sisters in comparison with the wealth of their mother are beside the point. The intention of the testatrix being evident from the wording of the will itself, these external facts may not be received. They are inadmissible because they only serve to create doubts, not to explain and resolve them. *White* v. *Weed*, 87 N. H. 153, 155, 156.

The administrator is advised that his testatrix died intestate as to her residuary estate in which is included the remainder interest which she inherited from her grandmother, and that it is to be paid to the estate of her mother who was her heir-at-law under P. L., *c.* 307, *s.* 6.

*Case discharged.*

BRANCH, J., was absent: the others concurred.