Cabell, J.
delivered the opinion of the court. The question as to the inefficacy of the deed, depends on the construction of the 11th section of the statute of conveyances. That section allows to the person claiming title under the deed, the term of twelve months, to have the deed recorded in the court of that county or corporation, to which the property may he removed. If, therefore, the deed he recorded there, at any time within the twelve months, it will defeat any previous sale which may have been made of the property. And as the main object of recording such deeds, is to afford the means of obtaining information as to the title of the property, it would seem that, as to that object, actual notice of the deed would he as effectual as if it were re *448 corded. Accordingly, this section of the statute, so far as relates to purchasers, makes notice of the deed equivalent t0 recording it; for it vacates an unrecorded deed as to such purchasers only, as are purchasers without notice. In the cases before us, it is evident, that Shippard had notice of the deed within twelve months. On this ground alone— independently of any influence which the case of Land v. Jeffries may have on this; and admitting that the deed of 18th July 1820, in order-to be effectual against the creditors of the husband, ought to have been duly recorded, (as it really was) in the county court of Hanover; and without considering or deciding, whether, if the husband and wife were justly entitled to the possession and use of the slaves in the deed mentioned, and removed and held possession of them in the county of Henrico and city of Richmond, the case can come within that clause of the law, which speaks of the person claiming title permitting “ any other person in whose possession such property may be, to remove the same,” &c. or whether, if the wife, for her sole and separate use, was entitled to the possession of the slaves, and her husband had removed them, she could be considered as permitting their removal within the meaning and intention of the act—without considering any of these points, the court is of opinion to reverse the decrees in both cases; to perpetuate the injunction in the first case, and to dissolve the injunction and dismiss the bill in the second.