HILL AND WIFE vs. McRAE.

[BILL IN EQUITY BY JUDGMENT CREDITOR, WHO HAS EXHAUSTED HIS LEGAL REM-
EDIES, TO SUBJECT DEBTOR'S EQUITABLE ESTATE.]

1. *Debtor's beneficial interest in property bequeathed to trustee for use and benefit of him
and his family, but not to be liable for his debts, cannot be subjected in equity by his
creditors.*—A bequest to a trustee of a certain share of the testator's estate,
" for the use and benefit of his son Thomas", contained these provisions : The
property was to be held, used, and managed by the trustee, who was also em-
powered, with the assent of the said Thomas, to sell the slaves, and to rein-
vest the proceeds of sale in other property to be held on the same trust.
The trustee was expressly forbidden to pay any of the debts of the said
Thomas, and was directed " to pay over to the said Thomas, from time to
time, such part of the income of the said trust estate (or the whole thereof,
if required) as may be necessary for the comfortable and reasonable sup-
port of the said Thomas, and of his wife and children, should he have any ;
the same to be used by the said Thomas." On the death of the said Thomas,
the property was to be disposed of in such manner as he might by his last
will and testament direct ; if he died intestate, leaving a wife or child, the
property was to be delivered over to them ; and if he left neither wife nor
child, it was to return to the testator's estate, and be distributed as though
no such bequest had ever been made. The said Thomas was unmarried at
the time of the testator's death, but subsequently married, and his wife was
living when this bill was filed against him. *Held,* that the bequest was in-
tended as a prospective provision for the debtor's wife and children as well
as for himself, that his wife took a joint interest with him in such portion of
the income of the trust estate as might be necessary for their comfortable
and reasonable support, and that no portion of the income could be subjected
in equity by his creditors.

APPEAL from the Chancery Court of Sumter.
Heard before the Hon. WADE KEYES.

THIS bill was filed by Daniel McRae, the appellee, as a
judgment creditor of Thomas M. Hill, the principal defend-
ant. The allegations, in substance, were as follows : That
complainant recovered a judgment against said Hill on the
9th April, 1851, on which an execution was duly issued, and
returned " no property found" ; that said defendant has no
property, within complainant's knowledge, on which an exe-
cution at law can be levied, but he has an equitable interest
in certain property, real and personal, which was bequeathed

by his father as hereinafter more particularly stated; that since the death of said testator, said defendant has married, and his wife is now living, but they have no children; that the trustee appointed by said testator in his will declined to accept the trust, and thereupon, on said defendant's application, another trustee was appointed by the Chancery Court, into whose possession the trust estate has come.

The will referred to in the bill was executed in October, 1848, and was admitted to probate on the 5th November, 1850. The bequest in favor of said Thomas M. Hill was in these words:

"I give, devise, and bequeath the share which may be set off to my son Thomas M. Hill, to my son-in-law William B. Lott, in trust for the use and benefit of my said son Thomas; the same to be held, used, and managed by him, the said William B. Lott. And I do hereby empower· the said William B. Lott, if in his discretion he shall deem it advisable, and for the interest of the said Thomas, and that the said trust estate would be benefited or increased thereby, and the said Thomas shall assent and agree to the said disposition, to sell the said negroes, and to re-invest the proceeds in other property, or in stocks which may be considered good and promise to pay fair dividends, or in lands, and, if desirable, in other States than the State of Alabama; and I do direct, that the said William B. Lott do, from time to time, pay over to the said Thomas such part of the income of the said trust estate (or the whole thereof, if required) as may be necessary for the comfortable and reasonable support of the said Thomas, and of his wife and children, should he have any,—the same to be used by the said Thomas; and the said William B. Lott is expressly forbidden to pay any of the debts of the said Thomas M. Hill. And should the said Thomas M. Hill die, having made a will and testament in due form to be admitted to probate, I do direct that the said trust estate shall be handed over and disposed of in such manner as the said Thomas shall by his said will have directed; should he die leaving a family, either a wife and children or either, that then the said trust shall also cease and determine, and the said estate be delivered over to such wife or children, or their guardian, and the said William B. Lott be discharged; should he die

leaving neither wife nor children, I do direct that said estate shall then return into my estate, and be distributed among my other children, or their representatives, precisely as though it had not been given for the use of my said son."

The said Thomas M. Hill, his wife, and their trustee, were made defendants to the bill; and the prayer was, that a decree might be made "subjecting the proceeds of said trust estate to the satisfaction of complainant's judgment," and for general relief. The defendants demurred to the bill for the want of equity, and, on their demurrer being overruled, declined to answer. A decree *pro confesso* for want of an answer was then entered against them, and a decree final subjecting the income of the trust estate to the satisfaction of complainant's judgment; and a reference to the master was ordered. The overruling of the demurrer to the bill, and the final decree rendered, are now assigned for error.

TURNER REAVIS, for the appellants:

It is insisted on the part of the appellants, first, that Thomas M. Hill has no interest in the bequest for his benefit which can be subjected to the payment of his debts; and, secondly, that if he has any such interest, it is only that portion of the income which would be necessary for his own comfortable and reasonable support, and not that portion which would be necessary for the support of himself and his wife.

1. This case is unlike Rugely & Harrison v. Robinson, 10 Ala. 702, where the bequest was, that all the rents, profits, and hires should be held for the use and benefit of the son and his family. Here, the bequest is to a trustee, who is required to use, hold, and manage the property, and from time to time to pay over to the son such part of the income as may be necessary for the comfortable and reasonable support of the son, his wife, and children. The son having no right under the bequest, except to a comfortable and reasonable support for himself and his wife, his interest is inseparable from hers, and consequently, according to the principles settled in the case of Rugely & Harrison v. Robinson, cannot be subjected to the payment of his debts.—See opinions of Ormond and Goldthwaite, JJ., pp. 738, 742–3. The following cases are also expressly in point: Godden v. Crowhurst, 10 Sim. 642; Two-

12

penny v. Peyton, 10 *ib.* 487; Wetherell v. Wilson, 1 Keen, 81; Kearsley v. Woodcock, 3 Hare, 185.

This case differs not only from Rugely & Harrison v. Robinson, but from all the other cases on the subject in which the trustees were directed to apply the whole income. Here, he is only to pay over such part of the income as may be necessary for the comfortable and reasonable support of the son and his wife. The amount necessary for this purpose rests in the discretion of the trustee, and is fluctuating : the amount necessary at one time might be wholly insufficient at another ; sickness in the family, and increase in the cost of the means of living, would require a larger amount of the income at one time than at another ; and a large portion might be requisite for the rent or purchase of a house to live in, and for obtaining necessary furniture, &c. How then is it possible to separate the interest of the son from that of his wife ? If this cannot be done, then, according to the case of Rugely & Harrison v. Robinson, Thomas M. Hill has no interest which can be subjected to the payment of his debts.

If, however, under the influence of Rugely & Harrison v. Robinson, Hill has such an interest as may be subjected by his creditors, then it is insisted for the appellants, with due deference, that that case is not law ; and this is the more readily done, since this court, in 19 Ala. 411, has given an intimation that it is not satisfied with that decision. In support of the position that that case is incorrect, the court is referred to the argument of the counsel in the case, and in 19 Ala. 404, and to the opinion of C. J. Collier, in 10 Ala. 716. No American case which sustains that decision has been found; but there are several in direct conflict with it, to which the attention of the court is respectfully asked. They are, 3 Gratt. 335; 4 Leigh, 550; 1 *ib.* 443; 5 Munf. 86; 5 Watts & S. 323; 15 N. H. 314 ; 10 Metc. 188 ; 7 Watts, 551.

In this case, the bequest is not only merely for the support of the testator's son and his wife, but the trustee is expressly forbidden to pay any of his son's debts. Can the court compel him to do what the testator says he shall not do ? What principle of public policy requires that the support of the son shall be taken to pay his debts, contrary to the express words of the bequest ? We have no bankrupt or insolvent laws, on

which it can be said that such a bequest is a fraud; and if we had, it might as well be said, that if the testator, instead of making a bequest to his son, had disinherited him because he was in debt, that would be a fraud which would enable his creditors to charge the estate for the share to which the son would have been entitled if he had not been disinherited.

2. But, if Thomas M. Hill has such an interest as can be separated from that of his wife, it is very clear that only so much of the income can be subjected as may be necessary for *his* support, and that a proper allowance should be made to the wife; and consequently, the decree of the chancellor, which subjected the whole income, is erroneous.—Rugely & Harrison v. Robinson, *supra;* 3 Hare, 185; 2 Y. & Coll. 98; 3 Beav. 20; 2 *ib.* 62. The decree is erroneous, also, even supposing that *all* of the income necessary for the support of the husband and wife is liable to his debts; for it subjects the *whole* income, while the trustee is only authorized to pay over *such part* as may be necessary for their support.

Each clause of the will creating the bequest must be construed with reference to the others; and, taken together, they clearly show that the property is bequeathed to the trustee, to be by him held, used, and managed so as to derive a revenue from it; of which revenue a sufficient portion is to be paid over to the beneficiary for the support of himself, his wife, and children. The fact that the amount thus to be paid over is to be used by the son, makes no difference: the trust for the wife and children is nevertheless complete.—Wetherell v. Wilson, 1 Keen, 80, (15 Eng. Ch. R. 81.)

S. F. HALE, *contra:*

It is a well established legal proposition, that all of a man's property, or interest in property, whether legal or equitable, is subject to the payment of his debts, if it can be reached and subjected without disturbing the virtual rights of others in the same property. Public policy inhibits the existence of a different rule; and, indeed, this rule is not contradicted by the appellants' counsel. What interest, then, does Thomas M. Hill take in the property bequeathed by his father? In the first part of the bequest, the testator uses this language, "I give, devise, and bequeath the share which may be set off

to my son Thomas M. Hill, to my son-in-law William B. Lott, in trust for the use and benefit of my said son Thomas,—the same to be held, used, and managed by him, the said William B. Lott." Now it is clear, if the will had stopped here, that it would vest the legal title to the property conveyed in William B. Lott as a naked trustee, and the whole use, or valuable interest in the property, in Thomas M. Hill. It is equally clear that he takes that interest separately, and not jointly with any other person ; and that he takes this use without any limitation or restraint upon his right to alienate the same. The *corpus* of the property is only to be held by the trustee, subject to the trust declared by the will. It is clear, then, that this use, which is valuable property, and which, holding it separately and not jointly with another, he has the power to sell and dispose of, is liable to the payment of his debts ; and we look in vain to the subsequent parts of the will for anything which changes the use first declared, or which invests any one else with a joint interest in that use.

The only clause of the will which can be supposed to have any such effect, is to be found in these words—"And I do direct that the said Wm. B. Lott do, from time to time, pay over to the said Thomas such part of the income of the said trust estate (or the whole thereof, if required) as may be necessary for the comfortable and reasonable support of the said Thomas, and of his wife and children, should he have any,—the same to be used by the said Thomas." In this clause, the corpus of the property bequeathed is recognized as the trust estate, and there is no new declaration of the use of the property for the maintenance of the wife and child of the said Thomas ; but, on the contrary, the testator expressly provides, that the income, or so much as may be necessary for the reasonable support of the said Thomas, and of his wife and children, should he have any, shall be paid over to the said Thomas—not for the use of the child, but " to be used by the said Thomas." Now, as the said Thomas has the unrestricted right to use the sum paid over to him under this provision of the will, he certainly could sell, or dispose of it as he thinks proper. There is no declaration that he should use the sum thus paid over to him by the trustee for the support of his wife and children ; nor is any trust declared in their favor,

Hill and Wife v. McRae.

and therefore nothing limiting his right to sell and dispose of the same as he may think proper; nor is there any disposition over to a third person, of the remainder of the proceeds and profits of the trust property not paid over to the said Thomas. It follows, therefore, as the whole use of the trust property is given to said Thomas by the first clause of the bequest, and as there is no subsequent declaration of trust in favor of any other person, nor any limitation of any part of the use or profits of the trust property, that they must be subject to the payment of his debts.

But if this view should be incorrect, certainly Thomas M. Hill takes a joint interest with his wife; and as this use does not consist of a house, furniture, household servants, nor any other thing incapable of severance, the court should order an account to be taken of his interest in the use of the trust property, and subject that to the payment of his debts.—Rugely & Harrison v. Robinson, 10 Ala. 702.

CHILTON, C. J.—When the testator directs the trustee to pay over to his son, from time to time, such part of the income of the trust property (or the whole, if required) as shall be necessary for the comfortable and reasonable support of the said Thomas, and of his wife and children, should he have any, &c., to be used by said Thomas, we understand him as intending a provision for the wife and children as well as for his son,—a prospective provision, of course, for the former, for then the son was not married. He had a wife, however, when the bill was filed, and the provision embraces her, as one of the contemplated objects of the testator's bounty. The fact that the will provides that the profits of the trust which are necessary for ' the comfortable and reasonable support of Thomas and his wife,' &c., are " to be used by the said Thomas," does not defeat the wife's right to a support, but makes the husband a sub-trustee for the wife, to the extent of her share of the profits. Any other construction would evidently do violence to the intention of the testator. The cases of Spear v. Walkley, 10 Ala. 328, and Jasper and Maclin v. Howard, trustee, 12 ib. 652, show that the provision enures for the benefit of the wife, and being a provision in trust for her support, the same does not vest in the husband. It is very clear, there-

fore, that the portion of the profits necessary for the support of the wife, cannot be subjected in equity to the payment of the husband's debts.

But can the court of equity properly subject any part of the income of the property to the payment of the husband's debts? It will be borne in mind that the trust is executory. The trustee is to retain and manage the property, and is invested with power to change its character, by the consent of Thomas M. Hill, and purchase other property ; and in case Thomas should not dispose of it by will, ulterior limitations are engrafted on it. It was evidently in the contemplation of the testator that the fund should be increased by the management of the trustee ; and he was only permitted by the terms of the will " to pay over to said Thomas *such part* of the income of the said estate (or the whole thereof, if required) as might be necessary for the comfortable and reasonable support of the said Thomas and of his wife and children," &c. It was further provided, that the trustee was expressly forbidden to pay any of Thomas' debts. Now, was it competent for the testator to make such will? If the law will not permit such bequest to stand, then it is out of the power of a benefactor, or a father, to provide for the support of the family of an improvident friend, or of a child. It is said, to secure a benefit in property, or its use, or the profits thereof, to one in such manner as not to be liable to the debts of the beneficiary, is a fraud upon his creditors, and opposed to public policy ; that large estates may be thus tied up, and the beneficiaries of them may be supported out of them and set creditors at defiance. It is a sufficient answer to this, that the creditor had no claim upon the donor, and that he is placed in no worse condition than if the gift had not been made. Nay, he is in a better condition, in so far as the provision for the debtor's support and that of his wife will enable the debtor to appropriate all he makes to the satisfaction of the debt. As there was no law, nor any public policy, contravened by the father while living in supporting the family of an indigent or improvident child ; so, when he is dead, his bounty may be expended in the accomplishment of that result without a violation of law. True, if the corpus, or rents and profits, be given to the son, or in trust for his use, in such manner as to

be capable of identification and separation, it can be reached by his creditors, either in a court of law or equity; but where the rights of third parties intervened, and the interest of the son is so blended with the interest of such third party, as that it cannot be separated and subjected without injury to such other interest, the creditor cannot reach it.

In the case before us, the provision is for the comfortable and reasonable support of Thomas and his wife. It is a joint benefit conferred upon both, as we must intend it was contemplated by the testator that they were to subsist at the same board, and enjoy their support as is common to the relation of husband and wife ; and no more is to be paid by the trustee than is necessary for their support. The payment of money to the son, which is necessary to purchase provisions, or other things required for the comfortable support of himself and wife, must be looked upon as but the means of executing the trust,—in other words, the court regards the money provided for the purchase of the means of support as impressed with the character of those means, and will no more subject it than the means themselves. To illustrate :—If the trustee had paid the husband fifty dollars to purchase sugar, coffee, and salt, as the means of subsisting himself and wife, the court would no more impound the money in the husband's hands than it would the provisions in the purchase of which it had been expended, if he had laid it out in the execution of the trust. The donor, or testator, has an individual right of property, as has been well said, in the execution of the trust ; and to divert it to a person, or purpose, not intended, would be an invasion of his dominion, and a fraud upon his generosity. It would be to cut off improvident families from all sources of benevolence, and interpose a perpetual barrier to the exercise of paternal duty. Such is not the law.—Holdship v. Patterson, 7 Watts, 551 ; Ashurst v. Given, 5 Watts & S. 330 ; 10 Sim. 642; ib. 487; 3 Hare, 185; 3 Gratt. 335.

This case is unlike that of Rugely & Harrison v. Robinson, 10 Ala. 702, in which the provision was not for the support of the beneficiaries, and was limited to such part of the profits as should be necessary for such purpose.

We feel satisfied that the decree is erroneous ; it is therefore reversed, and the cause will be remanded.