# Jones *v.* Reese.

*Bills in Equity for Injunction of Sale under Mortgage, and for Foreclosure and Account.*

1. *Testamentary trust; whether active or passive; estate of trustee.*—When lands are devised to a trustee, for the use and benefit of the testator's son, and of his wife and children, if he should marry and have children, and active duties are imposed on the trustee; although the son may take a beneficial interest susceptible of alienation, and liable to be subjected to the payment of his debts, the legal and equitable estates are not merged under the statute (Code, 2185), but the legal estate continues in the trustee, commensurate with the necessities and exigencies of the trust.

2. *Statutory covenants in conveyance.*—The words "grant, bargain and sell," or "bargain and sell," when used in a conveyance, amount to an express covenant for quiet enjoyment, and that the grantor is seized of an indefeasible estate in fee simple (Code, § 2193); and the statute applies to mortgages, as well as to absolute conveyances.

3. *Operation of mortgage by estoppel.*—When a mortgage contains the usual words of conveyance, which create the statutory covenants, the mortgagor can not be heard to gainsay the title of the mortgagee, or to assert that he did not have an alienable estate in the lands; and this rule also applies to a married woman, who joins with her husband in a mortgage of lands, in which she has an equitable separate estate.

4. *Equitable estate of wife; by what words created.*—Where lands are devised to a trustee, upon whom active duties are imposed, "for the use, ben-

[Jones v. Reese.]

efit and behoof of" the testator's son, "during his natural life," with the further provision, "that the rents and profits are to be discreetly used for the genteel and comfortable support and maintenance of said son, also for any family he may hereafter have;" on the subsequent marriage of the son, his wife would become entitled to a "genteel and comfortable support and maintenance" out of the rents and profits, and this she would hold as an equitable separate estate.

5. *Bequest in trust for debtor; when liable for debts.*—A beneficial interest, legal or equitable, in or to . real or personal property, or in or to its income, rents or profits, cannot be created by a devise or bequest, free from the power of the beneficiary to dispose of it, or exempt from liability for the payment of his debt, *unless* it is conferred and is to be enjoyed jointly with others, in such manner that a severance of the interests would be destructive of the purposes of the gift.

6. *Same.*—Under a devise and bequest "in trust for the use, benefit and behoof" of the testator's son, then unmarried, "for and during his natural life ; the rents and profits to be discreetly used for his genteel and comfortable support and maintenance, also for any family he may hereafter have ;" with a further direction for the investment of the surplus profits, and an inhibition of any liability for debts ; the interests of the son and of his wife, in the rents and profits during his life, are capable of separation ,from the interests of their children, and may be subjected to their debts.

7. *Equitable estate of wife; how charged or aliened.*—As to her equitable estate, a married woman has the capacity of a *feme sole,* and may mortgage it for the security of her own or her husband's debts.

8. *Misjoinder of complainants.*—When several persons join as complainants in a bill, and one of them is barred, or shows no right to relief, the misjoinder is fatal to others.

9. *Amendment of bill.*—Under the liberal statute regulating amendments in chancery, which requires the allowance of an amendment necessary "to meet any state of evidence which will authorize relief" (Code, § 3790), although the plaintiff's title to relief cannot be changed by amendment, it is permissible thus to change the averments of the bill as to the defendant's title to the property sought to be subjected.

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. H. AUSTILL.

The original bill in this case was filed on the 24th December, 1874, by Mrs. Maria V. Reese, the wife of Lewis C. Reese, and their two infant children, against Mrs. John Allen Jones and said Lewis C. Reese; and sought to enjoin and restrain a sale of certain property by Mrs. Jones, under a mortgage executed to her by said Reese and wife, and to have the mortgage annulled and cancelled. The mortgage, a copy of which was made an exhibit to the bill, was dated the 5th April, 1873 ; was signed by said Lewis Reese and wife, and attested by two witnesses; conveyed their interest, which was described as an undivided half, in certain lands in said county, which were particularly described, and in the horses, mules, and other stock on the land; was given to secure the payment of two notes, together amounting to about $2,575, and falling due on the 1st November, 1873 ; and contained a power of sale, on default being made in the payment of the notes at maturity. The property conveyed by the mortgage, as the bill alleged, was held by said Lewis C.

Reese under the will of his deceased father, Nathaniel Reese, who died in said county of Lowndes in 1860; and his will was there duly admitted to probate on the 4th May, 1860. A copy of the will was made an exhibit to the bill. By said will, the testator devised and bequeathed all his property, real and personal, to his wife and their three children, " to be divided between them into four equal parts, share and share alike, unto them and their heirs forever; except the share of my [his] son Lewis, [which is] to be under the uses, trusts and limitations hereafter mentioned." The 4th and 5th items of the will, which relate to the bequest to said Lewis, and which are alone involved in this case, are in the following words :

" *Item* 4. It is further my will, and accordingly I bequeath and devise the share of my estate as above mentioned, as shall be allotted to my son Lewis, upon a division of my property aforesaid, unto my friend, Duncan McCall; nevertheless, in trust for the use, benefit and behoof of my son Lewis, for and during his natural life ; the rents and profits thereof to be discreetly used for the genteel and comfortable support and maintenance of my said son, also for any family he may hereafter have ; and whenever there shall accrue any overplus of rents and profits, not needed for the purposes above set forth, then the said trustee shall invest the same judiciously, with the same uses, trusts, and limitations here made. It is distinctly my will, that in no event shall the *corpus* of the property bequeathed and devised unto my said son, or any investment of property made as above directed by the said trustee, ever be liable for the debts and contracts by [of] him, my said son; nor shall the rents and profits be liable, only on contracts for necessaries.

" *Item* 5. It is further my will, that should my said son Lewis ever marry, and at his death should leave a widow, and child or children, or any child of his dying before him, leaving a child or children surviving him, then the property so willed to him in trust shall be divided among such widow and children, and according to the statute of distribution then in force in Alabama. But, should my said son die, leaving only a widow surviving, then she shall take under the statute as aforesaid, and the remainder of the property I will, bequeath and devise, unto my daughter Cordelia and her heirs forever. It is further my will, that should my said son die, without leaving a widow, or any lineal descendant, then I will, bequeath and devise all of the property so willed to my said son, unto my daughter Cordelia, to her and her heirs forever."

No executors of the will being appointed, letters of admin-

tration with the will annexed were duly granted to Mrs. Sarah C. Reese, the widow of the testator, and W. D. McCurdy, the husband of said Cordelia. Duncan McCall, the trustee named in the will, not having taken on himself the execution of the trust, Lewis C. Reese filed a bill in equity against him, the administrators, and devisees under the will; and he obtained a decree at the November term, 1860, by which said McCall was discharged from the trust, and the property devised and bequeathed to said Lewis, or in trust for his use and benefit, was delivered into his possession, to be managed and controlled by him, without liability to account to any persons claiming in remainder.

On the 4th January, 1875, Mrs. Jones, suing by the name of Leonora Ann Jones, filed her bill in said court, against said Lewis C. Reese and wife, and others; alleging a mistake in the description of the lands intended to be conveyed by the mortgage; praying its reformation, by including a quarter-section said to have been omitted by mistake; also, an account of the mortgage debt and property; " that the interest of said Lewis C. and Maria V. Reese in said property be decreed to be paid to her; and that said Lewis C. be decreed to pay her the amount due her secured by said mortgage," and for general relief. Mrs. Jane E. Evans was made a defendant to this bill, under the allegation that she had taken a junior mortgage on all the property, with knowledge of the complainant's mortgage, and of the alleged mistake in the description of the land; and she thereupon filed a cross-bill, asserting the validity and priority of her mortgage, denying knowledge or notice of the alleged mistake, and requiring proof thereof. Her cross-bill prayed a foreclosure of her mortgage, an account of her debt, and of the property; that her mortgage might be declared entitled to a preference and priority over the mortgage to Mrs. Jones; for general relief, &c. An answer to each of these bills was filed by Mrs. Reese, the complainant in the original bill, denying that the mortgages had any validity as to her, and asserting that her husband had no such interest in the property as would be mortgaged by him. Lewis C. Reese also filed answers, admitting the execution of the mortgages, but insisting that, on a proper construction of the testator's will, as he was advised, he did not take such an interest in the property as he could mortgage and convey.

Mrs. Jones afterwards filed an amended cross-bill, in which she alleged that, in the latter part of the year 1860, the lands belonging to the estate of the testator, Nathaniel Reese, were sold for division among the devisees; that Lewis C. Reese and William D. McCurdy jointly purchased, at that sale, the

lands conveyed by the mortgage of said Reese and wife to her, and that they jointly owned and cultivated said lands at the time said mortgage was executed. No objection seems to have been made to the allowance of this amendment ; but Mrs. Reese, in her answer to the amended bill, denied the facts alleged in it. The chancellor held, on final hearing, that the amendment made a new case, and ought not to have been allowed, if objection had been made to it ; and that the evidence failed to establish it. The causes being consolidated, and heard as one cause, the chancellor held that the mortgages were valid only as to the personal property, and rendered a decree of foreclosure to that extent only. From this decree Mrs. Jones and Mrs. Evans each appeals, and each assigns as error the chancellor's refusal to grant her any relief as to the lands.

THOS. H. WATTS, for Mrs. Jones, and D. CLOPTON, for Mrs. Evans, cited *Rugely & Harrison v. Robinson,* 10 Ala. 702 ; *Robertson v. Johnston,* 36 Ala. 197 ; *Smith v. Moore,* 37 Ala. 327.

J. F. CLEMENTS, and D. S. TROY, *contra,* relied on the case of *Hill & Wife v. McRae,* 27 Ala. 182 ; and they asked the court, in the event of a reversal of the chancellor's decree, to give specific directions as to the manner in which the account should be stated, so as to separate the interest of Reese and wife from their children's interest, and to protect the interests of any after-born children ; contending that any rule would be found impracticable, or would be unjust to the children.

BRICKELL, C. J.—The original bill, filed by Mrs. Reese and her children, to enjoin a sale of the premises under the power in the mortgage executed by her husband, and the bills for foreclosure filed by the mortgagees, were silently regarded as forming but one suit, and a single decree rendered by the Chancery Court. There is but one proposition involved, as the case has been presented in argument ; and that is, whether the mortgagors had in the mortgaged premises, or in the rents and profits accruing from them, an estate, or an interest, which they could alien by mortgage for any purpose, other than as a security for debts contracted for necessaries in the support of themselves or family, during the life of the mortgagor, Lewis C. There can be no doubt that the will of the testator, Nathaniel Reese, creates a trust estate strictly, and that it is not, in technical classification, a passive trust, which, under the statute, would merge in the equitable estate, clothing the *cestui que trust* with the legal

[Jones v. Reese.]

estate. It is an active trust, the statute preserves, and continues in the trustee a legal estate, commensurate with the necessities and exigencies of the trust as declared.—*Ycu v. Flinn*, 34 Ala. 409; *Comby v. McMichael*, 19 Ala. 747.

2. There is a question overlooked in the argument of counsel, which must be considered and decided, before entering upon a consideration of the question to which we have referred; and that is, whether the mortgagor, Lewis C., or his wife, who joined with him in the execution of the mortgage, can now be allowed to deny that either, or both joined, had an alienable estate in the premises. In *Stewart v. Anderson*, 10 Ala. 508, it was said by this court, that it was a principle of the common law, "that a mortgagor can not dispute his mortgagee's title, nor can he, while in possession, bar his title by fine or recovery. In accordance with this rule, it has been held, that a mortgagor shall not be heard to allege that he had no estate in the premises. By the mortgage, he professes to convey, and thus declares that he had an interest coextensive with that he undertook to transfer; and he will not be heard to say, in contradiction of his own deed, or in opposition to a claim founded thereon, that he was guilty of a falsehood, and had no estate or interest therein." Whether this doctrine rests upon the privity of estate existing between mortgagor and mortgagee, or depends on the insertion in the mortgage of covenants of warranty, binding and estopping the mortgagor, we need not consider. The mortgage to Mrs. Jones employs the words, *grant, bargain and sell*, and that to Mrs. Evans the words *bargain and sell;* either of which, when used in a conveyance of real estate, the statute declares must be construed, unless it otherwise clearly appears from the conveyance, an express covenant to the grantee, his heirs and assigns, that the grantor is seized of an indefeasible estate in fee simple, and for quiet enjoyment. The statute embraces not only absolute and unconditional conveyances, but also conveyances of estates upon condition.—*Stewart v. Anderson, supra.*

3. So far as the mortgagor Lewis C., who is *sui juris*, is concerned, it results, that he cannot be heard to gainsay the title of the mortgagees—to deny that they have an indefeasible estate in fee simple, and are entitled to quiet enjoyment of the premises. It is also true, that the wife, having joined in the covenants of the mortgages, is estopped from denying the title of the mortgagees, if the interest or estate claimed by her is an equitable, as distinguished from a statutory estate. And this brings us to the principal question, what is the true construction of the will of the testator? Does it vest in Lewis C. a beneficial interest in the mortgaged prem-

ises, or in the rents, incomes or profits, which is not so joined and blended with the estate or interest of his family, as to be incapable of severance? Is there such an estate or interest vested in Mrs. Reese, which at common law would, by the silent operation of the marriage relation, have passed to her husband, or are the marital rights of the husband, as existing at common law, excluded by the terms and the purposes of the gift?

4. The intention of the testator can not be doubted, or misunderstood. The son was the primary object of his solicitude and bounty. The gift, in its entirety, is declared to be *for his use, and benefit and behoof, during his natural life.* No terms more expressive, to pass the entire beneficial interest, could have been employed. The subsequent words are, that the *rents and profits are to be discreetly used for the genteel and comfortable support and maintenance of my said son, also for any family he may hereafter have.* The estate and interest of the son are qualified by these words, but there remains to him a large and valuable beneficial interest; and it must be observed that his enjoyment of it does not depend upon the discretion of the trustee. In no event can the trustee withhold or withdraw it, though it should comprehend the entire rents and profits. It was the duty of the trustee, with prudence, with care and circumspection, in view of the social position of the son, to see that the rents and profits were applied to his genteel and comfortable support and maintenance, and that of his family, which it was anticipated he would have, sooner or later, dependent upon him legally and morally. When he married, the gift opened, and let in his wife, and the children as they were born, entitling them also to a genteel and comfortable support and maintenance. So far as an interest is conferred on the wife, it is exclusive of the husband: to it his marital rights, at common law, would not have attached: it enured to her sole use and benefit as completely, to avoid defeating the trust, as if in the most formal terms it had been declared her equitable separate estate.—*Fellows v. Tann,* 9 Ala. 999; *Spear v. Walkely,* 10 Ala. 328; *Jasper v. Maclin,* 12 Ala. 652; *Hill v. McRae,* 27 Ala. 175.

5. It may be admitted, that the testator did not intend that the interest thus created should ever be aliened by the son, or the wife, or subjected to the payment of any other debts, than such as were contracted for their support and maintenance. But, without departing from the law, as it has been declared in repeated decisions of this court, and the general policy of our legislation, that intention can not prevail. The interest is equitable; but it is affected by all the incidents, properties and consequences, which would

affect a corresponding legal interest. Of these is the power of disposition, a restraint upon which is repugnant to, and inconsistent with the gift. Another incident or quality is a liability *in invitum* for the payment of debts.—2 Story's Eq. § 974. No beneficial interest, legal or equitable, in or to property, real or personal, or in its income, rents or profits, can be created, freed from the power of the beneficiary to dispose of it, or from liability to the payment of debts, unless it is conferred and to be enjoyed jointly with others, in such manner that it would be destructive of the purposes of the gift to sever the interests.—*Rugely v. Robinson*, 10 Ala. 731–743; *S. C.*, 19 Ala. 404; *Robertson v. Johnston*, 36 Ala. 197; *Smith v. Moore*, 37 Ala. 327.

6. We do not understand that it was intended in *Hill v. McRae*, 27 Ala. 175, to depart from this doctrine. That decision rests upon the ground, that the interests of the beneficiaries were so blended that they could not be severed. We but carry out the doctrine of our former decisions, when we hold that, here, the son and his wife have an interest which may be severed from that of the children, and which passed by the mortgages. It is not because there may be several entitled to participate in the income, rents and profits, or in the *corpus* of a trust estate, that the beneficial interest ceases to be alienable, or liable to the payment of debts. The interest or estate must be so blended or united in the beneficiaries, as to be incapable of identification and separation. The gift we are construing can not be distinguished from that considered in *Rugely v. Robinson, supra*, in which it was held, that the son, and the members of his family, his wife and his children, took equally, and that the interest of the son was capable of separation and division, and subjection to the payment of his debts.

7. The interest of Mrs. Reese being an equitable, as distinguished from a statutory estate, as to it she has the capacity of a *feme sole*, and could alien it by mortgage for the security of her own, or the debt of her husband.—*Demarest v. Wynkoop*, 3 Johns. Ch. 129; *Short v. Battle*, 52 Ala. 456.

8. Though a purchaser, at a sale under a foreclosure of the mortgage, would acquire only the interest of the mortgagors, and would be entitled only to participate with the children, upon terms of equality, in the rents and profits during the life of Lewis C.; yet a court of equity may intervene for the protection of the rights and interests of the children, and to separate them from that of the mortgagors. But, upon the present bill, in which they are joined as plaintiffs with Mrs. Reese, they can not obtain relief. A want of right to relief, and of title to sue in respect to the subject-

[State Auditor v. Jackson County.]

matter, in one of several plaintiffs, is, as a general rule, fatal to the right of all.

9. There is one other question apparent upon the record, which must arise in the Court of Chancery, we deem it necessary to pass upon, that it may not be left in doubt, resulting, it may be, in prolonging the litigation. That is, the regularity and propriety of the amendment of the bill of Mrs. Jones, averring that the estate of the mortgagor Lewis C. was a legal estate, derived, not from the will of Nathaniel Reese, but from a purchase made at a sale of the lands for the purposes of division among the devisees under said will. The statute of amendments, in reference to pleadings in chancery, is very liberal and broad: as to subject-matter, they are to be allowed so as *to meet any state of evidence which will authorize relief.*—Code of 1876, § 3790. We concur, however, in the opinion of the chancellor, that the statute is not broad enough to allow, under the form of an amendment, the introduction of matter which would constitute a new bill. But it is not in this light the amendment can be regarded. It does not change the title of the plaintiff to relief, nor vary, except in degree, the character of the relief sought; and this the statute certainly allows.—*Pitts v. Powledge,* 56 Ala. 147.

Let the decree be reversed, and the cause remanded.