[Bell v. Watkins.]

# Bell *v.* Watkins.

*Bill in Equity by Creditor, to subject Equitable Estate of Married Woman in Trust Property.*

1. *Conveyance in trust for married woman and children; her interest held not severable and liable for debts.*—Under a conveyance of a tract of land containing 385 acres, worth about $2,400, in trust for the use and benefit of a married woman and her children, the trustee being directed to permit the husband "to use, occupy and cultivate the said lands, for the use and benefit of his wife and children, for their support and the education of their children, and, if he should servive his wife, then for the use, benefit and education of his children; and then upon the further trust, that upon his death the said lands are to be equally owned ·and divided by and between all the children then living," the child or children of a deceased child taking the share of the parent; "and if the wife of the said John B. [husband] shall survive him, then she is to take a child's part of said land for and during her life, and after her death her part is to go to the aforesaid children, but her interest in said lands is, in any event, to cease and be determined at her death;" and by which it is further provided, "that so long as the said John B. shall faithfully apply the rents and profits of said lands, or the profits arising from the cultivation of the same, to the uses and purposes above indicated, then he is to receive the same, and is not to account to any one therefor, but in no case are the said lands to be liable for his debts and contracts;" *held*, construing the deed in connection with the value of the property, the condition, number and relationship of the beneficiaries (including after-born children) to the grantor, that he intended the property should be jointly used and enjoyed by the wife and children as a family, and that her interest in it could not be separated and subjected, by bill in equity, to the payment of her debts.

APPEAL from the Chancery Court of Hale.

Heard before the Hon. THOMAS COBBS.

The original bill in this case was filed on the 8th November, 1884, by Wiley A. Bell, against John B. Watkins, Mrs. Gertrude S. Watkins, his wife, their several children, and Thomas H. Watkins as their trustee; and sought to subject to the satisfaction of a judgment, which the complainant had recovered against said John B. Watkins and his wife, certain lands held in trust by said Thomas H. Watkins, for Mrs. Gertrude S. Watkins and her children, under a deed hereinafter set out. The complainant's judgment was rendered on the 17th March, 1884, in Mississippi, where all the parties then resided; and it was founded on a promissory note for $276.95, signed by said John B. Watkins and his wife, dated April 14th, 1882, and payable on the 15th

September, 1882. The tract of land was situated in Greene county, Alabama, as described in the deed of trust, contained 385 acres, and was said to be "valued at $2,400." The deed of trust was executed in Greene county, Alabama, dated November 27, 1866, and signed by Bryan Watkins, the grantor, John B. Watkins, and Thos. H. Watkins. The original bill prayed a sale of the land for the satisfaction of the judgment, "devesting all the legal and equitable title which may be held by either the said Sarah Gertrude or the said John B. Watkins, or by the said Thos. H. Watkins as trustee for them or either;" but, on demurrer sustained, the allegations and prayer for relief against John B. Watkins were struck out by amendment. A demurrer was then interposed to the bill as amended, on the ground that Mrs. Watkins had no such interest in the property, under the provisions of the deed, as could be severed and subjected to the payment of her debts. The chancellor sustained the demurrer on this ground, and dismissed the bill for want of equity; and his decree is now assigned as error.

The deed of trust, after reciting that the grantor was "desirous, on account of the natural love and affection which he has to the parties of the third part" [John B. Watkins, his said wife, and their children]," to make some provision for their support and benefit," conveyed to the trustee, as party of the second part, his heirs and assigns, the said tract of land, "containing 385 acres, more or less, and valued at $2,400," "*in trust nevertheless*, and upon the following terms, uses and conditions—that is to say: The said Bryan Watkins is to retain, for and during his natural life, the right to the rents and profits of said land, or so much thereof as he may think proper, for his own use, support and maintenance; and then upon the further trust, that the said party of the second part shall hold the said lands in trust for the use and benefit of the said John B. Watkins, his wife and children, during the life-time of the said John B. and his wife, and permit the said John B. to use, occupy and cultivate the said lands, for the use and benefit of his wife and children, for their support and the education of the children; and if the said John B. should survive his wife, then for the use, benefit and education of his children; but in no case are the said lands to be liable for the debts and contracts of the said John B. Watkins. And then upon the further trust, that upon the death of the said John B. said lands are to be owned and equally divided by and between all the children of the said John B. Watkins then living; and if any of his children shall

33

[Bell v. Watkins.]

have died, leaving a child or children, such child or children shall take their deceased parent's share. And if the wife of the said John B. shall survive him, then she is to take a child's part of said land, for and during her life ; and after her death, her part is to go to the aforesaid children ; but, in any event, her interest in said lands hereby conveyed is to cease and be determined at her death. So long as the said John B. shall faithfully apply the rents and profits of said lands, or the profits arising from the cultivation of the same, to the uses and purposes above indicated, then he is to receive the same, and is not to account to any one therefor. *It is further stipulated,* that whereas the said Bryan Watkins is the security of the said John B. Watkins, on several promissory notes ; now, if the said party of the first part shall have to pay any sum of money on account of his said securityship ; or if any judgment shall be hereafter recovered against him on account of it, and the said John B. shall fail or refuse to pay off and discharge said indebtedness ; and in the event the said trustee is unable to raise the money in any other way, he must sell so much of said lands as will be sufficient to pay off and satisfy said debt ; or he is authorized to mortgage the same, for the purpose of raising money to discharge said indebtedness. In testimony whereof," &c.

WATTS & SON, and EDW. de GRAFFENREID, for the appellant, cited *Jones v. Reese,* 65 Ala. 134 ; *Robertson v. Johnson,* 36 Ala. 197 ; and *Rugely v. Robinson,* 10 Ala. 702.

CHARLES E. WALLER, *contra.*

STONE, C. J.—The rights of the complainant in this cause depend on the proper interpretation of the deed of Bryan Watkins, bearing date November 27, 1866, made an exhibit to the bill. As to the provision made for the benefit of Mrs. Sarah Gertrude Watkins, the deed excludes the marital rights of her husband, and consequently whatever interest she takes under the deed is equitable, as contradistinguished from statutory separate estate.—*Jones v. Reese,* 65 Ala. 134. The deed, giving to the entire instrument its proper construction, vests no estate or interest in John B. Watkins, the husband.—*Spear v. Walkley,* 10 Ala. 328. We do not understand counsel as controverting this, but as conceding it. The demurrer, therefore, to the original bill, was rightly sustained. The bill was then amended, so as to abandon and strike out all claim of relief based on any interest in John B. Watkins, the husband.

[Bell v. Watkins.]

The clause of the deed, under which it is claimed that Mrs. Sarah Gertrude Watkins has an interest in the property which she can and did charge, directs the trustee to "permit the said John B. Watkins to use, occupy, and cultivate the said land, for the use and benefit of his wife and children, for their support and the education of the children; and if the said John B. should survive his wife, then for the use and benefit and education of his children; but in no case are the said land to be liable for the debts and contracts of the said John B. Watkins. And then upon the further trust, that upon the death of the said John B., said lands are to be equally owned and divided by and between the children of the said John B. then living; and if any of his children shall have died, leaving a child or children, such child or children shall take their deceased parent's share. And if the wife of the said John B. shall survive him, then she is to take a child's part of said land, for and during her life, and after her death, her part is to go to the aforesaid children; but, in any event, her interest in said lands hereby conveyed is to cease and be determined at her death. So long as the said John B. Watkins shall faithfully apply the rents and profits of said lands, or the profits arising from the cultivation of the same, to the uses and purposes above indicated, then he is to receive the same, and is not to account to any one therefor."

It is manifest that, under the terms of this deed, Mrs. Watkins acquired no present interest in the lands as land, nor in the title to the same; and that she can acquire none during the life of her husband. At her husband's death, if she survive him, she will be entitled to a life-estate in a child's part of the land,—a contingent remainder. And during the joint lives of the husband and wife, she is entitled, out of the income and profits, to share in the support equally with her children, while the latter have the additional right to be educated therefrom. This is the extent of her interest.

In the case of *Fellows v. Tann*, 9 Ala. 999, a father by deed had conveyed property to his daughter, "for the use and support of herself and her heirs during their lives;" and after the death of the daughter, the property to be equally divided among her heirs. The daughter was then the widow of one Barnett, but she soon afterwards intermarried with Tann. Under a judgment and execution against Tann, an attempt was made to sell the property in satisfaction of it. The court declined to decide whether the husband took any interest in the property, but decided that, if he took any interest, it could only be reached and

[Bell v. Watkins.]

separated in a court of equity. It was said, the deed invested "the mother and her children collectively with interests which the creditors of the husband can not devest, as it respects the latter, through the medium of any forum." As we have said, it was not decided in this case whether there was an interest which could be separated in equity. *Jasper v. Howard*, 12 Ala. 652, decides substantially the same thing as *Fellows v. Tann*.

The case of *Rugely v. Robinson*, 10 Ala. 702, is the first and leading case which bears directly on the question we have in hand. The will in that case conveyed property to a trustee, "for the use and benefit of the said E. T. R. [husband, son of the testator] and his family, during the term of the said E.'s natural life; and from and after his death, to the use of such persons as the same may be devised and bequeathed by the said E. T. R. in his will; and in the event no will shall be made, then to the heirs at law of the said E." The property was large, and a bill was filed to subject the said E. T. R.'s interest to a judgment against him. It was held that, "so far as the bequest includes property which is intended to be used jointly by E. and his family in specie, as a house, furniture, household servants, etc., it is incapable of severance, and can not be reached by his creditors." As to other property, from which a revenue was to be derived by its employment, it was held that his interest could be separated and subjected. That case came again before this court, and the principles first settled were adhered to.—19 Ala. 404.

In *Hill v. McRae*, 27 Ala. 175, a bequest was made to a trustee, for the use and benefit of testator's son Thomas. It directed the trustee "to pay over to the said Thomas, from time to time, such part of the income of said trust estate, or the whole thereof if required, as may be necessary for the comfortable and reasonable support of the said Thomas, and of his wife and children, should he have any; the same to be used by the said Thomas." The will then made provision for the disposition of the property at Thomas' death. Thomas was unmarried at the time of testator's death, but married subsequently, and had no children. A judgment creditor of said Thomas sought by bill to subject his share of the income to the satisfaction of the judgment. Relief was denied. In the opinion of the court is the following language: "In the case before us, the provision is for the comfortable and reasonable support of Thomas and his wife. It is a joint benefit conferred upon both, as we must intend it was contemplated by the testator that they were to subsist at the same board, and

[Bell v. Watkins.]

enjoy their support as is common to the relation of husband and wife ; and no more is to be paid by the trustee than is necessary for their support. . . , The donor, or testator, has an individual right of property, as has been well said, in the execution of the trust ; and to divert it to a person or purpose not intended, would be an invasion of his dominion, and a fraud upon his generosity. It would be to cut off improvident families from all sources of benevolence, and interpose a perpetual barrier to the exercise of paternal duty. Such is not the law." The following authorities support the doctrine in *Hill v. McRae: Godden v. Crowhurst*, 10 Sim. 643 ; *Wetherell v. Wilson*, 1 Keene, 81 ; *Kearsley v. Woodcock*, 3 Hare, 185; *Hughes v. Pledge*, 1 Leigh, 443 ; *Perkins v. Dickinson*, 3 Grat. 335 ; *Holdship v. Patterson*, 7 Watts, 54/ ; *Ashurst v. Given*, 5 Watts & Serg. 323.

The case of *Hill v. McRae, supra,* has never been in terms overruled ; but the later cases of *Robertson v. Johnson*, 36 Ala. 197, and *Jones v. Reese*, 65 Ala. 134, are relied on as upholding the equity of the present bill. In the first of those cases, following what had been decided in *Rugely v. Robinson*, 10 Ala. 702, both the principle and its limitation are expressed, and thereby approved, in the following language : " That a beneficial interest can not be given to one so that it can not be reached by his creditors, unless such interest is conferred and is to be enjoyed jointly with others, and is also incapable of severance." And in the later case of *Jones v. Reese*, 65 Ala. 134, in stating the question for decision, the following language is employed: "Does it [the will] vest in Lewis C. a beneficial interest in the mortgaged premises, or in the rents, incomes, or profits, which is not so joined and blended with the estate or interest of his family, as to be incapable of severance ?" It is manifest that, in neither of these cases, was it intended to overrule, or modify, the principles declared in *Rugely v. Robinson*, but rather to affirm them. In each of the three cases, *Rugely v. Robinson, Robertson v. Johnson*, and *Jones v. Reese*, the property conveyed appears to have been relatively large; so large, that it was thought there would be a surplus above maintenance ; and in the later two cases, it is not shown that there was any part of the property conveyed, which was specially intended to be used jointly by the beneficiaries, as was the case in *Rugely v. Robinson*. It should be added, however, that the following cases seem to support the ruling of the court, granting relief in the case of *Rugely v. Robinson: Rippon v. Norton*, 2 Beav. 63 ; *Page v. Way*, 3 Beav. 20; *Raikes v. Ward*, 1 Hare, 445.

The , entire property conveyed in the deed which gave

[Bell v. Watkins.]

rise to the present suit, is three hundred and eighty-five acres, valued in the face of the deed at twenty-four hundred dollars. What has been and is its net annual profit or income, is not set forth. It is not averred that the land had any special or exceptional value, by force of its location or surroundings. Our experience, and common knowledge, convince us the income could not be large. The deed bears date in November, 1886, and the present bill was filed more than sixteen years afterwards. The wife and children are the beneficiaries of the usufruct, during the lifetime of John B., the husband. The deed is of that class which will open and let in after-born children, as beneficiaries under its provisions. The bill avers there were three children when it was filed, March 13, 1883; Sarah Alice, then over 21 years old, George B., between 14 and 21, and Robert W., under 14. So, Robert W. must have been born after the deed was made, and George B. may have been. Forming our opinion on the averments of the bill, it is not impossible that other children may be born, who will become beneficiaries under the deed. The deed, as we have seen, provides for the wife and children; support for all, and education for the children. The donor, as we said in *Hill v. McRae, supra*, had an individual right of property in the execution of the trust. To allow his dominion to be invaded, would be a fraud on his generosity. The children were as much the objects of his providence and bounty, as was their mother. He made greater provision for the children; for he provided for their education as well as their support. They were of tender years, some of them unborn. They required, and would require, the constant presence, watchful care, and guardianship of their mother; and to deprive them of it, or hinder or embarrass it, would be to thwart the manifest purpose of the donor. That mother and children should be kept together as a family, supported in common as a family; that the children should be watched over, cared for, and directed, with that tenderness which only a mother is expected to bestow, are as manifest on the face of the deed we are interpreting, as words could express them.

We hold that, in this case, the meagreness of the provision, the number, condition, and relationship of the beneficiaries, the impossibility of separating the fund without materially impairing the benefit intended for the children, demonstrate that the donor intended his bounty should be jointly used and enjoyed by the mother and children as a family; and that to separate her interest from those of the

children, would be practically to invade his dominion, and to commit a fraud on his generosity.

Affirmed.